### HEIZER v. HEIZER, ADMINISTRATRIX.

### No. 7215.

ANNUITY.—*Not Divisible.—Decedents' Estates.—Contract.*—For a valuable consideration, a son agreed to pay his father during his life a certain sum annually, on a certain day of each year. The father dying twenty days prior to the day upon which such sum was payable, suit was brought by his administratrix to recover the proportionate part of such sum due at the time of his death.

*Held*, that the sum thus contracted to be paid was an annuity.

*Held*, also, that there can be no apportionment of an annuity, and that such administratrix could not recover.

From the Marion Civil Circuit Court.

*C. P. Jacobs*, for appellant.

*R. D. Logan*, for appellee.

HOWK, J.—In this action, the appellee, as the administratrix of the estate of Samuel Heizer, deceased, sued the appellant, upon a certain written instrument, executed by him to the appellee's intestate, in his lifetime, of which the following is a copy :

" Whereas my father, Samuel Heizer, did on or about the 6th day of October, 1866, bargain and sell to me certain real estate in Marion county, Indiana, (as he has done to his other children,) in consideration of natural love and affection and the payment annually by me of $100 for the maintenance and support of the said Samuel during his natural life ; and whereas, at my request and before the conveyance thereof to me by the said Samuel, he did convey the same to Elijah P. Fletcher, and did pay the consideration thereof to me. Now, in consideration of the premises, and in lieu of a mortgage which I agreed to give upon said land sold as above, I do hereby covenant and agree to pay to the said Samuel Heizer the sum of $100 annually, on the 6th day of October of each year during his natural life, without any relief from valuation or appraisement laws. Dated this 7th day of February, 1870.

(Signed) " ROBERT C. HEIZER.

" Attest : William Wallace."

The appellee alleged in her complaint, *inter alia,* that the said Samuel Heizer died on the 16th day of September, 1876, and that there was due said decedent's estate from the appellant, and unpaid, the sum of $98, as a part of the annuity of $100, which would have become due to said Samuel Heizer, under the aforesaid written instrument, on the 6th day of October, 1876, if he had lived until that day. Wherefore, etc.

The cause, having been put at issue, was tried by the court, and a finding was made for the appellee in the sum of $101.57, and judgment was rendered accordingly. The appellant's motion for a new trial having been

overruled by the court, and his exception saved to this ruling, he has appealed from the judgment rendered to this court, and has here assigned, as errors, the following decisions of the circuit court:

1. In sustaining a demurrer to the amended third paragraph of his answer; and,

2. In overruling his motion for a new trial.

It is conceded by the appellant's counsel, in his brief of this cause, that these two alleged errors present for decision one and the same question. In this opinion we will consider and decide this question as the same is presented by the second alleged error, namely, the overruling of the appellant's motion for a new trial. In this motion, the causes assigned for such new trial were, that the finding and judgment of the court were not sustained by sufficient evidence and were contrary to law. The evidence on the trial was an agreed statement of the facts of the case, in substance, as follows: " That Samuel Heizer was a man of full age, and the father of the defendant; that the contract sued on was executed by the defendant; that all moneys due upon said contract up to the 6th of October, 1875, were fully paid by the defendant; that Samuel Heizer died on the 16th day of September, 1876, and that the annual payment, which would have fallen due on the 6th of October, 1876, has not been paid, nor any part thereof."

It will be seen from the contract in suit, a copy of which we have given, that the appellant covenanted and agreed therein to pay a certain sum annually, on the 6th day of October of each year, to Samuel Heizer during his natural life. The sum thus to be paid comes clearly within the legal definition of an annuity. Samuel Heizer, died on the 16th day of September, 1876, twenty days prior to the day on which his annuity for that year, if he had continued in life, would have become due and payable by the appellant. The question arises, therefore, and this is the only question

for decision in this case, could there be, under any rule of law or equity, any apportionment of the annuity, in favor of the administratrix of the decedent's estate, proportioned to the time which elapsed between the next preceding day of payment, the 6th day of October, 1875, and the 16th day of September, 1876, the day of the decease of the annuitant? The trial court virtually decided that there could be such an apportionment of the annuity, and made its finding, in favor of the appellee, for the time which elapsed between the 6th day of October, 1875, and the day of the annuitant's death, the 16th day of September, 1876, at the rate of $100 per year, with interest added; and, over the appellant's motion for a new trial, the court rendered judgment in accordance with its finding.

In *Wiggin* v. *Swett*, 6 Met. Mass. 194, the court said: "The general rule, both of law and equity, is, and is admitted by the appellee's counsel to be, that where an annuity is payable on fixed days during life, and the annuitant dies before the day, the personal representative is not entitled to a proportionable part of the annuity. 1 Roper on Leg. (1st Am. ed.) 589." In *Manning* v. *Randolph*, 1 South. 144, it appeared that one Mary Manning, who was entitled to an annuity, payable on the 12th day of April, yearly, had died only eight days before the annuity for the year became due, and the court said: "No principle is better settled than that if a bond be for the payment of an annuity at a day certain, and the annuitant die before the day, the annuity for that year is lost." So, also, in *Tracy* v. *Strong*, 2 Conn. 659, which was an action of debt on a bond executed to secure the payment of a certain sum of money to a certain person on the 1st day of May annually, during her natural life, the court said: "It appears, that the bond in suit was for the payment of a certain sum annually, on a given day. It comes clearly within the definition of an annuity. Where a certain sum is due on

a future given day, no part is due till that day; and it is fully settled, by all the authorities, that there is no apportionment of an annuity."

These decisions are in strict accordance with the rules of the common law. We have been unable to find any reported case, and the appellee's counsel has not cited any decision, in which a different doctrine has been declared or recognized. The common law of England, in so far as it is not inconsistent with the organic or statutory laws of the United States or of this State, is a part of the law of this State. In conformity with the law of the cases above cited, we feel constrained, to hold as we do, in the case at .bar, that there can be no apportionment of an annuity, and that, by the death of Samuel Heizer on a day prior to the day on which, if he had been living, his annuity would have been due and payable, his annuity for the year in which he died became and was wholly lost, so that the appellee as the administratrix of said decedent's estate was not entitled to a proportionable part of such annuity. We are of the opinion, therefore, that the finding of the court, in the case now before us, was contrary to law, and that, for this reason, the appellant's motion for a new trial ought to have been sustained.

The judgment is reversed, at the appellee's costs, to be levied of the estate of the decedent, and the cause is remanded with instructions to find for the appellant, the defendant below, on the agreed statement of facts, and render judgment accordingly.