ALFARATA REED, Administratrix of SARAH LOUISA REED, Deceased, Plaintiff, *v.* AUGUSTUS CRUIK- SHANK, Trustee of the Estate of BENJAMIN LORD, Deceased, Defendant.

*Annuity having no time fixed for its payment — when apportioned where the annuitant dies between the days of payment.*

Benjamin Lord, by his will, directed his executors to take possession of all his estate, real and personal, and receive the rents, interests, dividends and income thereof, and out of ths same to keep the real estate in repair and pay the charges thereon, and keep the personal estate invested, and to call in and reinvest the same from time to time, and to divide and pay over the net income to be derived from his store No. 147 Ceder street to Mary Van Vechten, and "out of the residue and remainder of said net income of my said estate to pay to Sarah Louisa Reed, wife of David L. Reed, of the city of New York, it being my intention henceforth, as a daughter, to adopt her, the sum of $2,000 a year during her natural life, on her sole and separate receipt, the same as if she was a *femme sole*, free from the control, interference or debts of her present or future husband." The annuity was paid to her until the 5th day of July, 1885, and she died on June 7, 1886.

It appeared that the said Benjamin Lord died seized of a store, known as No. 423 Broadway which yielded an annual income of $4,750, and that the personal property affected by this provision of the will was about $10,000.

*Held,* that as no time was fixed for the payment of the annuity, and as the rent of the store, in the absence of any statement to the contrary, would be presumed to be payable quarterly, the annuitant would be entitled to call for payment, at least at the expiration of every three months, and that the plaintiff, as her administratrix, was entitled to recover three-fourths of the annuity, with interest thereon from the time the last quarterly payment could, under this construction of the will, have been demanded.

The decisions holding that an annuity, payable at a specified time, is not apportionable, *held* not to be applicable to this case, where no time for its payment was stated.

Case agreed upon and submitted pursuant to section 1297 of the Code of Civil Procedure.

Among other facts agreed upon were the following : That the said Benjamin Lord was seized in fee, at his death, of certain real estate in the city of New York, known as No. 423 Broadway, and also of another parcel known as No. 13 Rose street, which last mentioned parcel was subsequently taken and appropriated in course of law by the trustees of the New York and Brooklyn bridge for the purposes

of an approach or roadway thereto, the compensation paid therefor by legal requirement, $13,000, being now held in lieu and in place of that property; that the premises No. 147 Cedar street (mentioned in the said will) were disposed of by the said Benjamin Lord in his lifetime; that No. 423 Broadway is estimated, at the present time, to be worth $60,000, is clear and unincumbered, and yields an annual rental of $4,750; that the personal property affected by the provisions of the said will is some $10,000.

*John Graham,* for the plaintiff.

*Edward Van Ness,* for the defendant.

DANIELS, J.:

The claim made by the plaintiff is for the payment of so much of an annuity of $2,000 as had accrued at the time of the death of the intestate. This annuity was provided for her by the will of Benjamin Lord, who directed his executors to take possession of all his estate, real and personal, and receive the rents, interest, dividends and income thereof, and out of the same to keep the real estate in repair and pay the charges thereon, and keep the personal estate invested, and to call in and reinvest the same from time to time as they in their judgment thought most for the interest of the estate, and the net income they were directed to dispose of so far as it should be obtained from store No. 147 Cedar street, by payment of it to Mary Van Veghten. And he then directed his executors or executor "out of the residue and remainder of said net income of my said estate to pay to Sarah Louisa Reed, wife of David L. Reed, of the city of New York, it being my intention henceforth as a daughter to adopt her, the sum of two thousand dollars a year during her natural life on her sole and separate receipt, the same as if she were a *femme sole,* free from the control, interference or debts of her present or any future husband."

This annuity was paid to her until the 5th day of July, 1885, and she departed this life on the 7th of June, 1886; and her administratrix now claims from the defendant, who is the trustee of the estate under the will, the payment of so much of the annuity as had accrued up to the day of the decease of the intestate. The obligation to make this payment has been denied under the force of the

authorities holding that an annuity payable at a specified time is not apportionable, and the decisions of *Heizer* v. *Heizer* (71 Ind., 526), *Wiggin* v. *Sweet* (6 Met., 194), *Tracy* v. *Strong* (2 Conn., 659) and *Irving* v. *Rankine* (13 Hun, 147), support this rule; but they really have no application to this dispute, for they each refer to and proceed upon a state of facts exhibiting the intention to be, that the annuity should only be payable on a specific day, or at the expiration of a specific period of time. These decisions proceed upon the construction that where the annuity is dependant on such a direction, no right to the payment of the money accrues before the arrival of the period or day designated for payment. Where no such day or period has been mentioned, neither these authorities nor the rule maintained by them can be applicable. And it would seem to follow from that circumstance that the annuity not only may, but should be apportioned where no time for payment has been mentioned, for there the right of the annuitant to payment depends upon no particular day, but it accrues continuously, and perhaps it might not be too much to say, from day to day. The only circumstance on which its payment was made dependent in this instance, was that it should be out of the net income of the testator's estate, and that income from its situation and condition was continually accruing, and as it accrued the annuitant became entitled to her money. It is true that she had been in the habit of receiving it at the expiration of each year from the time of the decease of the testator. But the will contained nothing postponing her right to it to that time. Neither did it direct that it should be paid to her in bulk, but the direction was that she should receive the $2,000 a year during her natural life out of the net income of the estate; and as that net income would accrue she would appear in like manner to be from time to time entitled to its payment.

Chapter 542 of the Laws of 1875 making annuities afterwards granted apportionable, evidently proceeded upon this understanding of the law for it has been made applicable only to annuities, dividends and other payments becoming due at fixed periods. And it could not have been the intention of the law to make such annuities apportionable, while those not becoming due at any fixed period, shold be left unapportionable. The inference from the act is that those other annuities were understood to be apportionable without

the aid of the act, and that it was those accruing at fixed periods which required the interposition of the legislature to make them also apportionable, and in that way create a uniform rule applicable to all cases and to carry that intent into effect this statute was enacted. It certainly would be strikingly incongruous and unjust to hold that annuities payable at fixed periods had been made apportionable by this act, and those not so payable should not be apportioned at all. That was not the understanding of the law upon which the act has proceeded. Neither could it be for the authorities have held annuities not to be apportionable only where they have been made payable at particular periods, and they consequently carry with them a decided implication, at least where they have not been so made payable, but are payable generally as the annuity was directed in this instance, that the rule upon which these authorities proceeded would not apply. The fourth subdivision of the testator's will as well as the one preceding it also tends to maintain this construction, for that directs that the residue and remainder of his estate, not previously disposed of should be divided among the persons mentioned therein. And as this annuity was previously disposed of it could not have been intended to be included within the subdivision.

It may be presumed from the usual, or common division of rentals into quarterly payments, that the rent of the store No. 423 Broadway was paid in that manner, although the fact has not been so stated in the case. It has not been stated otherwise, and the presumption would be that quarterly payments of the rents were reserved. That store yielded an annual rent of $4,750, and out of its rental this income might very well have been, as it probably was, payable. And that would secure to the annuitant, even if the annuity did not accrue from day to day, the right to call for payment at least at the expiration of every three months. All, either herself or the executor required to consider in making the payments, was the condition and income of the estate, and that would be reasonably conformed to, by requiring the payments to be made in this manner. Neither the will nor any of the facts presented by the agreed case exclude this right, but it is entirely consistent with the direction given in the will, the only restriction upon which was that the payment should be made out of the income of the estate. And the payments being designated in that manner, may reasonably be

expected to have been intended to be made as that income would accrue and supply the executor with funds to make them. The defendant stands in the same position as the executors mentioned in the will. He is bound to perform the same obligations in the same manner as was required from them. And both the justice of the case and the probable intent of the testator in providing for this annuity, well support the determination that payment should have been made in this manner, and that the plaintiff as the administratrix of the annuitant is entitled to recover three-fourths of the annuity with interest thereon from the time the last quarterly payment could, under this construction of the will, have been demanded, and judgment to that effect should be directed in her favor under the submission made of this controversy.

Van Brunt, P. J., concurred.

Judgment directed for plaintiff.