ROBERT NEHLS, Executor, Etc., Appellee, v. CHARLES SAUER AND ANNA SAUER, Appellants.

Action by Administrator to Recover Annuity: SAME DEFINED.   A
1   provision in a deed that "the grantee is to pay the grantor the sum of $200 a year on each and every year during the life-time of the grantor, on January 1st, and such payment shall be a lien on the land," constitutes an annuity, for the payment of which the real estate stands as security.

Apportionment of an Annuity.   Where an annuitant dies prior to the
2   date of payment of the annuity, the executor cannot compel an apportionment and *pro rata* payment for the year.

*Appeal from Buchanan District Court.*—HON. F. C. PLATT, Judge.

TUESDAY, FEBRUARY 3, 1903.

THE opinion states the case.   Judgment *reversed.*

*Holman & French* for appellants.

*E. E. Hasner* and *Ransier & Everett* for appellee.

WEAVER, J.—The following are the admitted facts: On March 17, 1899, Henry Sauer, being the owner of an eighty-acre tract of land in Buchanan county, conveyed the same in fee to his son, the defendant Charles Sauer.   The only consideration moving from the defendant for the convey-ance of said land was his agreement to pay to his father the sum of $200 on the 1st day of January of each and

every year during the latter's lifetime. There is no written
evidence of said agreement, except a clause inserted in
the deed given by the father to the son, which reads as
follows: "The grantee is to pay to the grantor the sum of
$200 a year on each and every year during the lifetime of
the grantor, on January 1, and such payment shall be a
lien on the land." On January 1, 1900, Charles paid his
father the sum of $200 for the year 1899, and on October
29, 1900, Henry Sauer died. No part of the sum or install-
ment which would have been due January 1, 1901, having
been paid, the plaintiff, who is the executor of the will
of Henry Sauer, brought this action to recover the same.
Upon these facts the district court held the executor
entitled to recover at the rate of $200 per year from Janu-
ary 1, 1900, to October 29, 1900, the date of the father's
death. The defendants appeal.

I. The first question presented is whether the pay-
ments which Charles Sauer undertook to make are to be
treated as in the nature of an annuity. The term "annu-
ity" has been defined as follows: "A yearly
sum, the payment of which is chargeable only
upon the person of the grantor." 2 Black-
stone, Commentaries, 40. "A yearly payment of a certain
sum of money granted to another in fee or for life or for
years." *Kearney v. Cruikshank*, 117 N. Y. 95 (22 N. E.
Rep. 580).

*a. ACTION to recover an annuity: same defined.*

The earlier and many of the later authorities speak of
an annuity as being chargeable only on the person of the
grantor, yet the term is also used as embracing any fixed
sum granted or bequeathed, payable at regular periods;
and may, when such intention is expressed, be chargeable
on real estate as well as on the person. Bacon, Abridg-
ment, title "Annuity"; *Horton v. Cook*, 10 Watts, 125 (36
Am. Dec. 151); *In re Apple's Estate*, 66 Cal. 438 (6 Pac.
Rep. 7); *Bates v. Barry*, 125 Mass. 83 (28 Am. Rep. 207),
*Warren v. Gregg*, 116 Mass. 304; *Blight v. Blight*, 51 Pa.

420; *Pearson v. Chace*, 10 R. I. 455; *Mosser v. Lesher*, 154 Pa. 87 (25 Atl. Rep. 1085); *Gallaher v. Herbert*, 117 Ill. 160 (7 N. E. Rep. 511); *De Haven v. Sherman*, 131 Ill. 115 (22 N. E. Rep. 711, 6 L. R. A. 745). In *Heizer v. Heizer*, 71 Ind. 526 (36 Am. Rep. 202), the contract in litigation provided that the grantor, for a valuable consideratior, would pay to "Samuel Heizer the sum of $100 annually on the 6th day of October of each year during his natural life." The court, in construing this language says, "The sum thus to be paid comes clearly within the legal definition of an annuity." The same, we think, may be said of the contract in the present case. The payment provided for is a fixed or stated sum. It is payable yearly upon a date certain for the term of the life of the promisee, and it is primarily a personal charge or liability upon the promisor, for which the real estate stands as security only. There seems to be nothing in the contract to justify us in treating the claim of the father as rent.

II. Assuming that the obligation of the defendant was to pay his father an annuity for life, is he bound to pay the latter's executor anything upon such agreement for that portion of the year between January 1, 1900, the date of the last payment, and October 29, 1900, the date of the father's death? As a matter of first impression, there would seem to be no valid reason why an annuity based upon a valuable consideration, and not created as a matter of bounty or personal favor, should not be thus apportioned; but we have been unable to find more than a single case— *Fisher v. Fisher*, 5 Pa. Law J. 178—in which this distinction is recognized. The practically universal holding of the courts appears to be that an annuity will not be apportioned, and, if the annuitant dies during the year,— even though it be on the last day before the payment falls due,— the right to demand the annuity dies with him, and his executor can recover no part of it. *Heizer v.*

2. SAME: apportonment of an annuity.

*Heizer, supra; Nading v. Elliott,* 136 Ind. 261 (36 N. E.
Rep. 695); *Wiggin v. Swett,* 6 Metc. (Mass.) 194 (39 Am.
Dec. 716); *Chase v. Darby,* 110 Mich. 314 (68 N. W. Rep. 159
64 Am. St. Rep. 347); *Irving v. Rankine,* 79 N. Y. 636;
*Stewart v. Swaim,* 13 Phila. 185; 2 Cycl. Law & Proc. 468;
*In re Cushing's Will,* 58 Vt. 393 (5 Atl. Rep. 186).  In
*Manning v. Randolph,* 4 N. J. Law, 159, the annuitant
died only eight days before the payment became due, but
the court there says: "No principle is better settled than
that, if a bond be for the payment of an annuity at a day
certain, and the annuitant dies before the day, the annuity
for that year is lost." See, also, cases of *Lackawanna
Iron & Coal Co.,* 37 N. J. Eq. 26, and *Tracy v. Strong,* 2
Conn. 662.  Indeed, the doctrine of the common law in this
respect seems to have included rents, pensions, and other
periodical payments, except interest upon money loaned.
*Wilson's Appeal,* 108 Pa. 344 (56 Am. Rep. 214;) *In re
Foote,* 22 Pick. 299; *Hoagland v. Crum,* 113 Ill. 365 (55
Am. Rep. 424); *Zule v. Zule,* 24 Wend. 76 (35 Am. Dec.
600).  This rule has been abolished or changed by statute
in many states.  In this state apportionment has been
provided for in cases of life tenancy.  Code, section 2988,
but no attempt has been made to modify the rule of the
common law in respect to annuities.  There seems, there-
fore, no escape from the conclusion that, Henry Sauer hav-
ing died before the arrival of the day on which the pay-
ment became due, no right to recover thereon passed to
his executor.

The judgment of the district court is therefore
REVERSED.