(124 So. 889)

## LEWIS v. BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN. (3 Div. 897.)

Supreme Court of Alabama. Oct. 17, 1929.

As Modified on Denial of Rehearing Dec. 19, 1929.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

Steiner, Crum & Weil, of Montgomery, for appellee.

ANDERSON, C. J. It is unquestionably the law, as settled by the decisions of this and many other courts, that the relationship of insured and insurer does not exist until after the acceptance of the application and the issuance of the policy, and that the applicant has no right of action upon a contract until the issuance of the policy. Ala. Gold Life Ins. Co. v. Mayes, 61 Ala. 163. It also seems settled by our statutes and decisions that no action can be maintained on the contract as to benefit societies as well as old line insurance companies until after the com-

pletion of the contract. Alexander v. Woodmen, 161 Ala. 561, 49 So. 883. It is also well settled that an action in tort must be founded upon a duty owing. So, the question is: Does the complaint charge a duty owing from the defendant to the plaintiff, a breach of same and that said breach proximately caused the injury complained of by him? The complaint sets out certain by-laws of the order promulgated by it for the guidance of the officers of the local camp, one of which required the recording secretary or local organizer, immediately upon initiation of an applicant, to forward the papers to the general secretary and treasurer. This would indicate the exercise of authority over the local secretary or organizer by the general order so as to make it answerable for the torts of such local agent in and about the discharge of the duties imposed by the defendant. The complaint also shows that the plaintiff was obligated to take the insurance as a condition precedent to membership and there may and should be a reciprocal obligation to issue the certificate when the membership is accepted and the papers disclose the proper qualification and test for insurance, and, if it was the imperative duty of the defendant to accept the risk and issue the benefit certificate upon receipt of the papers from the local order, this case would be simplified, as the neglect in promptly transmitting the papers would have been the proximate cause of the injury. The complaint does not charge, however, that it was the imperative duty of the defendant to issue the benefit certificate upon the receipt of the papers, but this omission is cured by the statement of the fact that the policy was approved and issued promptly upon receipt of the papers and, in effect, shows that, if the officer of the local order had discharged his duty as required, the certificate would have been issued before the injury to the plaintiff, and that his neglect in this respect was the proximate cause of the delay in the issuance of the certificate. We therefore think, and so hold, that the complaint makes out a case for recoverable damages, not upon a contract of insurance, not as for a failure or refusal of the defendant to issue a policy, but for a negligent delay in doing so growing out of a breach of duty owing the plaintiff by the secretary or organizer of the local order, whose conduct the defendant assumed to direct, in this respect, and for which it was responsible.

The plaintiff complied with all the requirements of the order, and his eligibility was not questioned, but he was accepted and the benefit certificate issued within two days after the receipt of the papers, yet the local officer neglected or failed to discharge his duty by a delay of two weeks in transmitting the papers to the head office. Therefore the action proceeds upon the theory that the plaintiff had complied with all the requirements of the order, was entitled to the benefit certificate and which would have been issued to him prior to the injury, whether the defendant did or did not have the right to decline, but for the negligence of the local secretary who owed him the duty, under the requirement of the defendant, to promptly send in the papers.

We are cited to cases by counsel on both sides and do not regard them in point and of little aid in deciding this case as it is sui generis.

The cases of Duffie v. Bankers' Life Ass'n, 160 Iowa, 19, 139 N. W. 1087, 46 L. R. A. (N. S.) 25, and Boyer v. State Farmers' Mutual Hail Ins. Co., 86 Kan. 442, 121 P. 329, 40 L. R. A. (N. S.) 164, Ann. Cas. 1915A, 671, more than support the present holding, but we do not regard them as entirely in line with our Mays Case (supra) and other cases in support of same, but which can be differentiated from the case at bar. The case of Fox v. Volunteer State Life Ins. Co., 185 N. C. 121, 116 S. E. 266, gives this case some support by analogy and is not in conflict with the Mays and other cases similar thereto. The policy there was issued, but the defendant's agent failed to deliver it in time, and the court held that the defendant was responsible for the neglect of the agent in this respect. True, there was a statute making the local agent the defendant's and not the plaintiff's agent, and here we have no such statute, but the defendant's by-law made it the duty of the local secretary to promptly submit the papers and, at least, made him prima facie its agent for this purpose. Moreover, the present complaint avers that the recording secretary was then and there an agent of the defendant acting within the line and scope of his employment.

The cases of National Union Fire Ins. Co. v. School District, 122 Ark. 179, 182 S. W. 547, L. R. A. 1916D, 238, and Savage v. Prudential Ins. Co. (Miss.) 121 So. 487, cited and relied upon by counsel for appellee, involved a limitation or qualification in the application that there should be no liability until the approval of the application and issuance of the policy. If the application here contains such limitation, we think it a matter of defense and not the subject of a negative averment. Moreover, these cases dealt with old-line insurance and not a brotherhood.

It is conceded in brief of appellee's counsel that, although the defendant may be an unincorporated benefit society, it is subject to suit in its common name in any action that could be maintained against its members. Sections 5723 and 5724 of the Code of 1923. It contends, however, that the "complaint affirmatively alleges appellant to be a member of appellee Brotherhood, and being a member he could not maintain the suit against the members." Whether there is any merit in the suggestion if plaintiff was a member, we do not decide, as we do not think the com-

plaint shows affirmatively that the plaintiff was a member. The complaint shows that membership was conditional upon being accepted in the insurance department, and the by-laws required the secretary to forward the application for membership and application for beneficiary certificate. It seems that each was dependent upon the other, and the very gravamen of this action is for the negligence of the defendant's agent in failing to forward immediately after the meeting, at which the plaintiff had paid his dues and was initiated, the application for "membership and application for beneficiary certificate" whereby plaintiff was deprived of the benefit certificate which was issued on the application and which would have been issued sooner and before the injury but for the negligence of the defendant's agent.

We think the trial court erred in sustaining the defendant's demurrer to count 4 of the complaint, and the judgment of the circuit court is reversed, the nonsuit set aside, and the cause is remanded.

Reversed and remanded.

SAYRE, THOMAS, and BROWN, JJ., concur.