CHARLOTTE FRIEDMAN, Plaintiff, *v.* MASSACHUSETTS ACCIDENT COMPANY, Defendant.

First Department, May 3, 1935.

*Benjamin G. Myron,* attorney, for the plaintiff.

*Patrick J. McGill* of counsel [*H. H. Abramowitz* with him on the brief; *Samuel D. Macpeak,* attorney], for the defendant.

O'MALLEY, J.   We are here concerned with the question of the effective coverage date of the health and sickness provisions of a combination health and accident policy issued by the defendant to the plaintiff.   The latter maintains that this date is April 20, 1933, while the defendant contends that liability under the sickness provisions did not become effective until May 15, 1933.

The policy in question was countersigned and issued April 20, 1933.   On April 28, 1933, the plaintiff was taken ill with an inflammatory pelvic disorder which compelled her to stop work

on May 2, 1933, and confined her to her home until May 10, 1933. The attending physician diagnosed her condition as pelvic peritonitis and estimated her disability as continuing approximately until May 21, 1933, with ability to return to work on or about July 1, 1933.

The main paragraphs of the policy insured the plaintiff against loss " as hereinafter set forth and defined and subject to all conditions and limitations hereinafter contained or endorsed hereon *from the 20th day of April, 1933,* \* \* \* until the fifteenth day of April, 1934."

The policy further provided: " Commencing on the fifteenth day of the next month following the date on which this Policy is countersigned providing premium has been paid, the Company will pay the Insured under the Sickness Provisions \* \* \* in the sum of One Hundred dollars per month for the number of consecutive days, for a period not exceeding twelve consecutive months, that the Insured by reason of sickness which is contracted or begun during the time the sickness provisions of this Policy are in force, is wholly disabled and prevented from performing every duty pertaining to any business or occupation, and solely by reason of such sickness, is necessarily and continuously confined within the house; no indemnity, however, to be allowed for the first seven days of such disability and house confinement."

Under the plain wording of the contract we are of opinion that as to the health provisions the plaintiff was covered from the date of insurance, April 20, 1933, and the words, " Commencing on the fifteenth day of the next month following " in the paragraph last quoted, applied, not to coverage, but to the time of initial payment.

At best for the defendant the contract might be said to be ambiguous. Assuming without conceding that it is of this nature, having been drawn by the defendant, it must be construed against it and in favor of the plaintiff. (*Bushey & Sons* v. *American Ins. Co.,* 237 N. Y. 24, 27; *Silverstein* v. *Commercial Casualty Ins. Co.,* Id. 391, 393; *Matter of Jaabeck* v. *Crane's Sons Co.,* 238 id. 314, 322; *Hart* v. *Travelers Ins. Co.,* 236 App. Div. 309, 315; affd., 261 N. Y. 563.)

It is to be noted that the defendant well knew how to restrict health coverage. By the last provisions of the contract above quoted, the first seven days of disability and house confinement were not to be indemnified. If it intended to exclude coverage until the fifteenth of the month following the date of issue, apt words should have been used. Plaintiff's illness, therefore, commencing April 28, 1933, after the effective date of the policy, April 20, 1933, was covered, by the terms of the policy.

It follows, therefore, that pursuant to the provisions the plaintiff is entitled to judgment in the sum of $120.65 with interest from June 12, 1933, with costs as stipulated.

MARTIN, P. J., MERRELL, McAVOY and UNTERMYER, JJ., concur.

Judgment directed in favor of the plaintiff in the sum of $120.65, with interest from June 12, 1933, with costs. Settle order on notice.