162 So. 558

FAULK v. NEW YORK LIFE INS. CO.

4 Div. 57.

Court of Appeals of Alabama.
June 11, 1935.

Rehearing Denied June 25, 1935.

Mulkey & Mulkey, of Geneva, for appellant.

Rushton, Crenshaw & Rushton, of Montgomery, for appellee.

RICE, Judge.

Parties, so far as are advised, may try their cases on such "agreed statements of facts" as they choose to enter into.

In the instant case appellant has, by formal, binding stipulation, agreed that the policy upon which he bases his suit was issued by appellee to him on the 17th day of August, 1920.

True, a serious question is raised as to the actual date of issuance of the policy, which marked the beginning of the relation of insurer and insured between the parties hereto (Lewis v. Brotherhood of Locomotive Firemen and Enginemen, 220 Ala. 270, 124 So. 889); but appellant, as we see it, is foreclosed, in this controversy, by his binding agreement that the date of issue was August 17th.

The record coming up here containing the recital that "for the purposes of this trial, the following are the facts necessary to a decision thereof," setting out the facts (as to the date of issuance. of the policy sued on, as above), and signed by appellant's duly authorized counsel, we know of no authority in us to disregard said facts on the finding (if made) by us that the record, otherwise, shows a different state of facts.

■ So, for the purposes of this appeal, it appears, conclusively, that the policy, the basis of this suit, was issued on August 17, 1920.

The policy contains these, here pertinent, recitals:

"Premium. This contract is made in consideration of the payment in advance of the sum of $184.55, the receipt of which is hereby acknowledged, constituting the first premium and maintaining this Policy to the Seventeenth day of August Nineteen Hundred and Twenty-one, and of a like sum on said date and every Twelve calendar months thereafter during the life of the Insured until premiums for Twenty full years in and shall have been paid from the date on which this Policy takes effect.

"This Policy takes effect as of the Seventeenth day of August Nineteen Hundred and Twenty, which day is the anniversary of the Policy. If the Insured becomes wholly and permanently disabled before age 60, the payment of premiums will be waived under the terms and conditions contained in Section 1.

"Section 1. Total and Permanent Disability Benefits. Whenever the Company receives due proof, before default in the payment of premium, that the Insured, before the anniversary of the Policy on which the Insured's age at nearest birthday is 60

years and subsequent to the delivery hereof, has become wholly disabled by bodily injury or disease so that he is and will be presumably, thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit, and that such disability has then existed for not less than sixty days,—then * * *.

"1. Waiver of Premium.—Commencing with the anniversary of the policy next succeeding the receipt of such proof, the company will on each anniversary waive payment of the premium for the ensuing insurance year, and, in any settlement of the Policy, the Company will not deduct premiums so waived. The loan and surrender values provided for under Sections 3 and 4 shall be calculated on the basis employed in said sections the same as if the waived premiums had been paid as they became due.

"2. Life Income to Insured.—One year after the anniversary of the Policy next succeeding the receipt of such proof, the Company will pay the Insured a sum equal to one-tenth of the face of the Policy, and a like sum on each anniversary thereafter during the lifetime and continued disability of the Insured."

It appearing that the policy was issued on August 17, 1920, and the policy stating that August 17th is the anniversary of same, we see no necessity for confusion as to the time when the first payment as for total disability benefits became due upon the facts shown in evidence in the court below.

It is undisputed that appellant's "proof" was not lodged with appellee until after August 17, 1931 (though before August 17, 1932).

■ Under the plain terms of the policy, then, his first total disability payment was due "one year after the anniversary of the policy next succeeding the receipt of such proof," or one year after August 17, 1932, to wit, August 17, 1933; he remaining all the while otherwise entitled to same.

The trial court's judgment was in accord with what we have said hereinabove, and the same is affirmed.

Affirmed.