NEW YORK LIFE INSURANCE COMPANY *v.* FINKELSTEIN.

[No. 26,856. Filed June 1, 1937.]

*Gavin & Gavin, Louis H. Cooke, Frank E. Gavin, James L. Gavin,* and *William E. Gavin,* for appellant.

*Claycomb & Stump,* for appellee.

FANSLER, C. J.—Appellant issued to Louis Finkelstein three identical policies of life insurance, each for $5,000. Each policy had the following provision: "And the Company agrees to pay to the Insured one-tenth of the face of this Policy per annum, during the lifetime of the Insured, if the Insured becomes wholly and permanently disabled before age 60, subject to all the terms and conditions contained in Section 1 hereof." And the further provision: "If the Insured becomes wholly and permanently disabled before age 60, the payment of premiums will be waived under the terms and conditions contained in Section 1." Section 1 provides:

"Whenever the Company receives due proof, before default in the payment of premium, that the Insured, before the anniversary of the Policy on which the Insured's age at nearest birthday is 60 years and subsequent to the delivery hereof, has become wholly disabled by bodily injury or disease so that he is and will be pre-

sumably, thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit, and that such disability has then existed for not less than sixty days— . . . then—

"1. Waiver of Premium.—Commencing with the anniversary of the Policy next succeeding the receipt of such proof, the Company will on each anniversary waive payment of the premium for the ensuing insurance year, and, in any settlement of the Policy, the Company will not deduct the premiums so waived. The loan. and surrender values provided for under Sections 3 and 4 shall be calculated on the basis employed in said sections, the same as if the waived premiums had been paid as they became due.

"2. Life Income to Insured.—One year after the anniversary of the Policy Next succeeding the receipt of such proof, the Company will pay the Insured a sum equal to one-tenth of the face of the Policy and a like sum on each anniversary thereafter during the lifetime and continued disability of the Insured. Such income payments shall not reduce the sum payable in any settlement of the Policy. . . .

"3. Recovery from Disability.—The Company may at any time and from time to time, but not oftener than once a year, demand due proof of such continued disability, and upon failure to furnish such proof, or if it appears that the Insured is no longer wholly disabled as aforesaid no further premiums shall be waived nor income payments made.

"The —— annual premium for the Total and Permanent Disability Benefits is $13.50, and is included in the premium stated on the first page of this Policy."

The insured became disabled, and his claim for benefits was allowed, and payments made until his death. Upon his death the face of the policies were paid. This action is to collect a proportionate part of a year's bene-

fits, upon the theory that the annuity of one-tenth of the face of the policies is apportionable. There was judgment for appellee upon that theory.

Error is assigned upon the ruling on demurrers to each of the three paragraphs of complaint, and upon the conclusions of law.

In *Heizer* v. *Heizer, Adm'x* (1880), 71 Ind. 526, 530, this court considered the same question presented here. The facts were that, for a valuable consideration, a son agreed to pay his father during his lifetime a certain sum annually on a certain date. The father died twenty days prior to the date upon which the sum was payable. It was held that a sum to be so paid is an annuity, and that, where a sum is due on a future date, there is no apportionment. Referring to the decisions quoted from, it is said: "These decisions are in strict accordance with the rules of the common law. We have been unable to find any reported case, and the appellee's counsel has not cited any decision, in which a different doctrine has been declared or recognized. The common law of England, in so far as it is not inconsistent with the organic or statutory laws of the United States or of this State, is a part of the law of this State. In conformity with the law of the cases above cited, we feel constrained, to hold as we do, in the case at bar, that there can be no apportionment of an annuity, and that, by the death of Samuel Heizer on a day prior to the day on which, if he had been living, his annuity would have been due and payable, his annuity for the year in which he died became and was wholly lost, so that the appellee as the administratrix of said decedent's estate was not entitled to a proportionable part of such annuity."

In *Nading* v. *Elliott, Trustee et al.* (1894), 137 Ind. 261, at 279, 36 N. E. 695, at 701, the Heizer Case is quoted with approval, and it is noted that rents due to a

life tenant were not apportionable until made so by statutory enactment in 1881.

It is conceded that this was the common-law rule. If so it must remain the rule in this state until changed by statute, since courts have no power to change the law adopted or enacted by the Legislature. Appellee seeks to avoid the force of the rule upon the theory that the provision in the contract is not for an annuity, but for the payment of a life income. But there is no substance in the distinction sought to be made. The contract in the Heizer Case might also be said to be for a life income, and any annuity for life may be said to be a life income. But the contract here is not for the payment of an annuity for life. The provision is for payment during life, or continuance of disability.

It is also contended that there is an exception to the rule in the case of payments for a consideration and intended for maintenance, and that the fact that the annuity was created by agreement for a consideration, and that it was for maintenance, was not discussed in the Heizer Case. But that it was considered by the court cannot be doubted, since the facts clearly appear in the opinion. Nor is the statement of appellee that there was such an exception sustained by the authorities. The exceptions at common law applied only to annuities given by a parent to an infant child, or by a husband to a wife living apart from him. There is a conflict of authority as to whether an annuity created and accepted in lieu of dower is to be excepted.

In a case presenting the identical question here considered, the Supreme Court of Iowa held that the payments were not apportionable. *Peek et al.* v. *New York Life Ins. Co.* (1928), 206 Iowa 1237, 1241, 219 N. W. 487, 488; *Levy et al.* v. *New York Life Ins. Co.* (1935), 286 N. Y. S. 905, and *Faulk* v. *New York Life Ins. Co.* (1935), 26 Ala. App. 488, 162 So. 558, seem to be based

upon similar contracts and are to the same effect. The only case to the contrary, to which attention has been called, is *Brownstein, Adm'x.* v. *New York Life Ins. Co.* (1930), 158 Md. 51, 55, 148 Atl. 273, 274, in which it is said: "Moreover, the inequity and arbitrariness of the general rule has been so generally conceded that modern legislation and judicial decisions have steadily tended to narrow the rule and enlarge the exceptions . . . so that it may be safely stated that the trend of judicial opinion is now in favor of applying the principle of apportionment to any case where the annuity is made for the purpose of maintenance and support." But, as suggested above, the recognized common-law rule cannot be changed by courts in this state, and there is no legislation changing it. It appears that the decision is based finally upon a construction of the insurance contract, which seems to be treated as ambiguous. But the argument that, under the contract, the insured was justified in believing that he would have a "life income" applies with as much force to the contract in the Heizer Case, or to any other contract by which an annuity payable on a given date is to be received during the life of the party. Under the contract, a specific part of the premium was paid as consideration for two separate things, one, an annuity during disability, and, two, waiver of the annual premium on the policies (more than $250 on each) during disability. It could as logically be contended that, if the disability were removed in the middle of a year, the premium already waived could be apportioned and partially collected as that the annual disability payment could be apportioned. Under the terms of the policy, the first payment is not due until one year after the anniversary of the policy next succeeding proof of disability, which might be almost two years after the proof. If the insured died, or his disability were removed, before the first due date, it is apparent that apportionment

would not be upon an annual basis. The contract considered in the Iowa case above cited is identical with the one at bar except as to amount. We quote the following, 206 Iowa 1241: "As has been noted, the consideration, $3.46, is single for the entire benefit, consisting of waiver of premium and promise to pay the life income. The premium, $3.46, is for the entire year for both. There is no basis in the contract for apportioning the consideration. The general rule is that, if the consideration is single and not apportionable, the contract is single or entire, and not apportionable. We discover no good ground for imputing an intent that the benefit should be apportioned, and no reason to think that such was the intention or is a fair interpretation of the policy."

The contract must be deemed to have been made in the light of the law of this state, as declared in the cases under which an annuity for support upon a consideration is not apportionable. It is not reasonable to suppose that the parties contemplated that any other rule would apply in construing the contract.

Judgment reversed, with instructions to restate the conclusions of law in conformity with its opinion, and enter judgment for the appellant.