Reynolds *v.* New York Life Insurance Company.

4-6280                                         154 S. W. 2d 817

Opinion delivered October 20, 1941.

*Marsh & Marsh,* for appellant.

*Louis H. Cooke, W. E. Patterson* and *Rose, Loughborough, Dobyns & House,* for appellee.

Greenhaw, J.   The appellants, Sarah J. Reynolds and her four children, Lavell Reynolds, Lamar Reynolds, Marzell Reynolds and Lamae Reynolds, brought suit in the Union circuit court as the widow and sole heirs at law of Alfred M. Reynolds, deceased, against the appellee, New York Life Insurance Company, to recover the sum of $200 alleged to be due under a disability provision in an insurance policy issued to the said Alfred M. Reynolds by the appellee on January 20, 1920.  A jury was waived and the cause was tried by the court upon certain stipulations as to facts, the other evidence introduced being the policy and two letters.  The court found the issues in favor of the defendant and entered judgment accordingly.  A motion for a new trial was filed and overruled, from which is this appeal.

The appellee issued an insurance policy to Alfred M. Reynolds, insuring his life for $2,000, dated January 20, 1920, the beneficiary therein being his wife, Sarah J. Reynolds, one of the appellants herein. Mr. Reynolds died on November 6, 1937, at the age of 56 years, and the life insurance was paid to the beneficiary. In March, 1936, the insured sustained a serious injury which rendered him totally disabled. On October 21, 1936, the insured made due proof of his total disability as required by the policy, and same was received and accepted by appellee. The appellee declined to pay the two hundred dollars claimed by the appellants under the disability provision of the policy, which resulted in suit being filed in April, 1940.

The pertinent provisions of said policy, under which appellants allege they are entitled to $200, are as follows:

"This policy takes effect as of the 20th day of January, nineteen hundred and twenty, which day is the anniversary of the policy. If the insured becomes wholly and permanently disabled before age 60, the payment of premiums will be waived under the terms and conditions contained in Section 1.

Section 1. Total and Permanent Disability Benefits.

"Whenever the company receives due proof, before default in the payment of premium, that the insured, before the anniversary of the policy on which the insured's age at nearest birthday is 60 years and subsequent to the delivery thereof, has become wholly disabled by bodily injury or disease so that he is and will be presumably, thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit, and that such disability has then existed for not less than sixty days—the permanent loss of the sight of both eyes, or the severance of both hands or of both feet, or of one entire hand and one entire foot, to be considered a total and permanent disability without prejudice to other causes of disability—then

"1. Waiver of Premium.—Commencing with the anniversary of the policy next succeeding the receipt of such proof, the company will on each anniversary waive payment of the premium for the ensuing insurance year,

and, in any settlement of the policy, the company will not deduct the premiums so waived. The loan and surrender values provided for under Sections 3 and 4 shall be calculated on the basis employed in said sections, the same as if the waived premiums had been paid as they became due.

"2. Life Income to Insured.—One year after the anniversary of the policy next succeeding the receipt of such proof, the company will pay the insured a sum equal to one-tenth of the face of the policy and a like sum on each anniversary thereafter during the lifetime and continued disability of the insured. Such income payments shall not reduce the sum payable in any settlement of the policy. The policy must be returned to the company for indorsement thereon of each income payment. If there be any indebtedness on the policy, the interest thereon may be deducted from each income payment."

It is the contention of appellants that since proof of the disability of Alfred M. Reynolds was made on October 21, 1936, and he lived more than one year thereafter, or until November 6, 1937, they were entitled to recover, for one year, one-tenth of the face of the policy, or $200. The appellee contends that under the terms of the policy appellants are not entitled to recover anything, for the reason that Mr. Reynolds was not living on January 20, 1938, which was one year from the first anniversary date of the policy after proof of his disability was made. The pertinent provision of the policy on this question reads as follows: "2. Life Income to Insured.—One year after the anniversary of the policy next succeeding the receipt of such proof, the company will pay the insured a sum equal to one-tenth of the face of the policy and a like sum on each anniversary thereafter during the lifetime and continued disability of the insured."

We think the judgment of the trial court in this case was proper. We cannot agree with the contention of appellants that they are entitled to recover under this policy because Mr. Reynolds lived more than one year after proof of his total disability was given. He died November 6, 1937, a few days over one year from the

date of said proof of disability. The terms of the policy are plain. It did not provide for monthly disability. It provided that the insurance company would pay one-tenth of the face of the policy one year after the first anniversary date of the policy following the proof of disability. The proof was made October 21, 1936. The first anniversary date of the policy following said proof was January 20, 1937; therefore under the terms of the policy and the facts in this case the first payment would not have been due until January 20, 1938. The policy further provided that it would make this annual disability payment to the insured during the lifetime and continued disability of the insured. The insured was not living on January 20, 1938. Therefore, nothing was due appellants under the disability features of the policy. It is the function of a court to construe insurance policies in litigation, ascertain their meaning and give effect thereto as written unless they contravene the law or public policy. There is, in our opinion, nothing ambiguous or uncertain in the terms of this policy.

In the case of *New York Life Insurance Co.* v. *Farrell,* 187 Ark. 984, 63 S. W. 2d 520, we find a similar policy involved, containing the identical language used in the disability provisions in the Reynolds policy. This court said in that case: "It is perfectly plain from this provision of the policy that it waives premiums only commencing with the anniversary of the policy next after proof of loss is made, and it will be observed from the second paragraph above quoted from the policy that one year after the anniversary of the policy next succeeding proof of loss the company will pay. . . . The provisions of the policy providing for payment are plain and unambiguous. The liability attached when the disability occurred and proof of loss was made. *The company, however, did not promise to pay from the time the disability occurred, but from the time fixed in the policy itself."* (Italics supplied.)

In the instant case the time fixed in the policy for the beginning of payments, under the undisputed facts, was January 20, 1938, and this was more than two months after the insured had died.

Under the terms of the policy and the facts in this case, the event which would have entitled the insured to disability payments of $200 per year never materialized. *Peek* v. *New York Life Insurance Company,* 206 Ill. 1237, 219 N. W. 487; *Nehls* v. *Sauer,* 119 Ia. 440, 93 N. W. 346; *Levy* v. *New York Life Insurance Company,* 159 Misc. 431, 386 N. Y. S. 905; *New York Life* v. *Finkelstein,* 212 Ind. 155, 8 N. E. 2d 598.

The judgment of the trial court is, therefore, affirmed.

SMITH, HUMPHREYS and MEHAFFY, JJ., dissent.