HELEN M. HORTON, as Administratrix of the Estate of LOUIS HORTON, Deceased, Plaintiff, *v.* NEW YORK LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Special Term, New York County, April 14, 1947.

*William F. Columbus* and *Ferdinand H. Pease* for defendant.

*Charles S. Rosenschein* and *Milton Haselkorn* for plaintiff.

LEVY, J. Defendant moves for summary judgment. The facts are conceded for the purpose of this motion, and they are as follows: Deceased was wholly disabled from October 19, 1941, to July 2, 1945, when he died. Proof of such disability was made and received December 22, 1941, when it then existed not less than sixty days. Defendant made payments during that period of $2,000 on October 7, 1943, and $2,000 on October 7, 1944. The insured was less than sixty years of age at the onset of the disability. The anniversary of the policy is October 7th.

Plaintiff contends that deceased was entitled to receive disability benefits for the entire period of the disability of almost four years and brings this action to recover the amount thus due in excess of the two years for which payment has been made. Upon the basis merely of this statement, it would be probably inferred ordinarily that from the fact of disability would flow the obligation to make payment for the entire period of disability. The contract provision is: "2. Life Income to Insured.— One year after the anniversary of the Policy next succeeding the receipt of such proof, the Company will pay the Insured a sum equal to one-tenth of the face of the policy and a like sum on each anniversary thereafter during the lifetime and continued disability of the Insured. Such income payments shall not reduce the sum payable in any settlement of the Policy. The Policy must be returned to the Company for indorsement thereon of each income payment. If there be any indebtedness on the Policy, the interest thereon may be deducted from each income payment."

Much resistance is encountered to the plain conclusion to be drawn from that simple statement of liability, that under the facts above related the defendant's obligation is fully performed upon the payment of 10% of the face of the policy for a period of two years only. Doubt is further engendered from a reading of the provision of the contract contained in bold type upon the face of the policy, which states: "And The Company Agrees To Pay To The Insured One-Tenth Of The Face of This Policy per annum, during the lifetime of the Insured, if the Insured becomes wholly and permanently disabled before age 60, subject to all the terms and conditions contained in Section 1 hereof."

This identical provision has been interpreted favorably to plaintiff in six States outside of New York (*Brownstein* v. *New York Life Ins. Co.*, 158 Md. 51; *Newberger* v. *New York Life Ins. Co.*, 56 R. I. 442; *New York Life Ins. Co.* v. *Majet*, 173 Miss. 870; *New York Life Ins. Co.* v. *Kincaid*, 136 Fla. 120; *Cullum* v. *New York Life Ins. Co.*, 197 S. C. 6; *New York Life Ins. Co.* v. *Sullivan*, 191 Okla. 236), and favorably to defendant in seven States outside of New York (*Peek Estate* v. *New York Life Ins. Co.*, 206 Iowa 1237; *Faulk* v. *New York Life Ins. Co.*, 26 Ala. App. 488; *New York Life Ins. Co.* v. *Finklestein*, 212 Ind. 155; *Sampson* v. *New York Life Ins. Co.*, 175 Tenn. 59; *Reynolds* v. *New York Life Ins. Co.*, 202 Ark. 1013; *Movitz* v. *New York Life Ins. Co.*, 156 Kan. 285; *Silverman* v. *New York Life Ins. Co.*, 317 Mass. 101).

We are not free, however, at this time to make a choice of line to follow, for an identical provision has been passed on in *Levy* v. *New York Life Insurance Co.* (159 Misc. 431, affd. 246 App. Div. 705, motion for leave to appeal denied 270 N. Y. 674). The Special Term, in holding for defendant there, said (p. 432): " On the conceded facts the disability benefits which would have been due and owing to the insured, Samuel L. Levy, had he lived and remained disabled until October 22, November 16 and November 20, 1934, the respective anniversary dates of the policies of insurance here involved, never matured. Levy died on October 18, 1934, and no right of action existed on his part during his life to collect disability benefits from defendant. His death terminated the right of action which would have matured under the policies on the dates mentioned had he lived and remained disabled until said dates.

" Plaintiffs' motion for judgment on the pleadings denied. Defendant's cross-motion made on the argument granted."

It appears, therefore, that there disability existed for a period of about a year and a half from March, 1933, until death on October 18, 1934, whereas the earliest anniversary date after the onset was October 22, 1933, and the earliest anniversary date thereafter was October 22, 1934, by virtue of which no right in the deceased had matured when he died.

Thus in like manner, under the authority of that case, although disability here endured for almost four years, the deceased had acquired the right to make claim to payment for only two years. Nothing in the nature of the arguments urged by plaintiff in the *Levy* case (*supra*) before the Appellate Division or in the opinion in *Friedman* v. *Massachusetts Accident Co.* (244 App. Div. 342) is of any aid to this plaintiff.

In the circumstances, therefore, the motion for summary judgment dismissing the complaint must be granted. Settle order.