17673.   ÆTNA LIFE INSURANCE COMPANY *v.* BARBER.

Where compensation for permanent total disability becomes payable under the terms of a policy twelve months after proof is received by the insurance company that the insured has become wholly and permanently disabled, and will for life be unable to perform any work or conduct any business for compensation or profit, assuming, but not deciding, under the authority of *Penn Mutual Life Insurance Co.* v. *Milton*, 160 *Ga.* 168, 172 (127 S. E. 140), that a total disability continuing for a period of twelve months after the furnishing of such proof is, within the meaning of the policy, a permanent and total disability, the insured, nevertheless, is not entitled to recover under the terms of the policy, where it appears from the petition that the total disability did not in fact continue for a period of twelve months from the date on which such proof was submitted. See also *Penn Mutual Life Insurance Co.* v. *Milton*, 33 *Ga. App.* 634 (127 S. E. 798). Accordingly, the general demurrer to the petition should have been sustained.

DECIDED APRIL 16, 1927.

Health Insurance, 29 C. J. p. 281, n. 39.

Complaint on life-insurance policy; from city court of Americus —Judge Harper.    September 2, 1926.

*Bryan & Middlebrooks,* for plaintiff in error.

*W. W. Dykes,* contra.

JENKINS, P. J.    Frank Barber brought suit against the Ætna Life Insurance Company for disability benefits alleged to be due under a policy of insurance issued by the defendant and containing the following provisions: "Twelve months after proof is received by the company that from causes originating after the delivery of this policy the insured has become wholly, continuously and permanently disabled, and will for life be unable to perform any work or conduct any business for compensation or profit, then in lieu of all other values, benefits or privileges herein provided, without further payment of premium, all premiums previously due having been paid, the company will pay in full settlement of this policy upon request duly executed by the life beneficiary and assignee, if any, one-twentieth of the sum insured and dividend additions, if any, and will pay the same amount annually thereafter until twenty such payments in all have been made; or will pay the amount of annuity shown by the following table of annuities for the age of the insured at the last-birthday preceding the receipt of such proof and the same amount annually thereafter during the lifetime of the insured, provided that at every such annuity payment satisfactory proof is furnished that the insured is then living. Any indebtedness to the company on account of this policy will reduce the amount of either of said annual payments in the same proportion that said indebtedness bears to three-fourths of the sum insured and dividend additions if any. . . The company will extend the privileges and benefits for permanent total disability above described to cover the irrecoverable loss of the entire sight of both eyes, or the total and permanent loss by removal or disease of the use of both hands or of both feet or of such loss of one hand and one foot all from causes originating after the delivery of this policy and before default in the payment of the premium. Any benefit for disability within the meaning of this policy is conditioned upon the company being permitted to examine the insured when desired within one year after the receipt of the proof, and such benefit will not be included in the paid-up policy herein provided to be issued on default in payment of premium."

The petition alleges that the plaintiff on the 25th, 26th, or 27th day of September, 1919, suffered a stroke of paralysis which rendered him permanently, wholly, and continuously unable to do any work for compensation or profit for the succeeding twenty-four months, and that "after about twenty-four months following his affliction as aforesaid, he has sufficiently regained the use of one hand and both feet as to enable him to move around and earn something, though he has since that time been able to earn only about one half or one third of what he was earning previous to that date, that is, he can now earn and is earning only fifty to seventy-five dollars per month." It is further alleged that on December 3, 1920, during the disability which began September 27, 1919, the plaintiff furnished to the defendant proof of such disability; that about January 28, 1921, the defendant declined to pay him anything on account of his disability, and that subsequent demands for payment were made prior to the filing of the suit. The defendant filed a general and special demurrer to the petition, and now excepts to the order overruling the demurrer.

*Judgment reversed. Stephens and Bell, JJ., concur.*