ELSIE L. PEEK ESTATE et al., Appellees, v. NEW YORK LIFE INSURANCE COMPANY, Appellant.

MAY 15, 1928.

REHEARING DENIED NOVEMBER 16, 1928.

*Carr, Cox, Evans & Riley,* for appellant. ·

*C. H. E. Boardman,* for appellees.

MORLING, J.—The insured suffered total disability preceding her death, for which her executor made proof. Defendant paid the life insurance, but refused to pay the disability benefit, for the reason that the benefit was, by the terms of the policy, payable only on the specified anniversary of the policy, occurring during the lifetime and continued disability of the insured, and was not payable, either in whole or in part, if the insured was not living on such anniversary. Plaintiff's claim is:

"That, as Elsie Peek paid in advance for disability protection for one year, that she is entitled to that protection. That the contract means that said disability amount will be paid on the anniversary date, which merely fixes the time of payment, and is not a limitation on liability."

The policy is a limited payment life insurance policy for $2,000 (with provision for doubling in specified cases). It requires payment of annual premiums of $99.38. One section provides that, whenever the company receives proof "before default in the payment of premium, that the insured, before the anniversary of the policy on which the insured's age at nearest birthday is 60 years and subsequent to the delivery hereof, has become wholly disabled by bodily injury or disease so that he is and will be presumably, thereby permanently and continuously prevented from engaging in any occupation * * * then

"1. Waiver of Premium. Commencing with the anniversary of the policy next succeeding the receipt of such proof, the company will on each anniversary waive payment of the premium for the ensuing insurance year, and, in any settlement of

the policy, the company will not deduct the premiums so waived. * * *

"2. Life Income to Insured. One year after the anniversary of the policy next succeeding the receipt of such proof, the company will pay the insured a sum equal to one tenth of the face of the policy and a like sum on each anniversary thereafter during the lifetime and continued disability of the insured. Such income payments shall not reduce the sum payable in any settlement of the policy. The policy must be returned to the company for indorsement thereon of each income payment. * * * The annual premium for the total and permanent disability benefits is $3.46, and is included in the premium * * * Any premium due on or after the anniversary of the policy on which the age of the insured at nearest birthday is 60, shall be reduced by the amount of premium charged for the disability benefits."

By the terms of the policy, the $2,000 is payable to a named beneficiary.

The date of the policy is December 18, 1917. Insured was then 37 years old. Insured was totally disabled from December 12, 1924, to the date of her death, which occurred November 4, 1925. Proper proof for the disability claim was made. Plaintiff (executor of the estate of the insured) sued for $200. The court awarded $194.41, evidently a pro rata for that part of the year during which the insured lived.

The ultimate question is whether, in case of the death of the insured before the anniversary on which a benefit would be otherwise payable, her estate is entitled either to the one tenth of the policy or to an apportionment of it.

A separate and distinct premium is paid for the disability benefits,—namely, $3.46,—leaving $95.92 for the life-insurance premium. The provision for disability benefits is severable from the life insurance. This is apparent from the stipulations that the payments shall not reduce the sum payable in settlement of the policy; that the annual premium for the disability benefits is $3.46; that the payment of premium for benefits ceases at sixty.

The total and permanent disability benefits consist, not only of the annual payments of one tenth of the policy, but also of the waiver of premiums. $3.46 was, therefore, paid for both the life income and for the waiver of premiums. What proportion

of the $3.46 is attributable to the waiver of premiums and what to the life income cannot be ascertained from the policy. The premium is waived on the anniversary at the beginning of the year, and necessarily and finally for the full year. The life income to the insured of a sum equal to one tenth of the policy is to be paid "on each anniversary thereafter during the lifetime and continued disability of the insured." The payments are annual. They date from the policy's anniversary next succeeding the disability,—not from the beginning of the total disability. They are payable on an anniversary. There is no provision for payment of an unmatured installment, and none for prorating an installment in the event of death or cessation of disability. The company agrees to "pay the insured." There is no provision for paying the disability benefit to the estate, though, of course, if the payment becomes a matured obligation in the lifetime of the insured, the administrator would have the right to collect it.

In this connection, we may refer also to the third paragraph of the disability clause, which reads:

"3. Recovery from Disability. The company may at any time and from time to time, but not oftener than once a year, demand due proof of such continued disability, and upon failure to furnish such proof, or if it appears that the insured is no longer wholly disabled as aforesaid, no further premium shall be waived nor income payments made."

By this provision, when the disability ends, no further premiums are to be waived, and no further payments made. No exception is made in case the disability ends between anniversaries.

The plaintiff claims that the specified anniversary is merely the pay day for the income payment; that the $3.46 is paid for a full year's insurance; that a construction whereby the insured, if she died one day after the dating anniversary, or lived until one day before the maturing anniversary, would not be entitled to the income payment or any part of it, is unreasonable.

As has been said, the $3.46 pays for the two benefits,—the waiver of premiums, as well as the life income. Under the policy, there might have been a waiver of 14 annual premiums, of $99.38 each, and a liability for 20 or more annual income

payments, of $200 each. The ratio of the extra premium to the possible liability is suggestive of a circumscribed risk.

The payment is to be. made on each anniversary "during the lifetime" and "during the continued disability" of the insured. The ordinary meaning of the language is plain: an anniversary "during the lifetime and continued disability of the insured." Death ends "the lifetime." It ends the "continued disability." Subsequent anniversaries are not "during the lifetime," and not during "the continued disability." The payment provided for is, like the premium, an entire one: "A sum equal to the one tenth of the face of the policy and a like sum on each anniversary * * *"

We are of the opinion that the disability clause cannot be construed to require the company to pay one tenth of the policy on an anniversary which happens, not "during the lifetime," or not during the "continued disability" of the insured, but happens after insured is dead, and after the disability is ended. *Aetna Life Ins. Co. v. Barber,* 36 Ga. App. 721 (138 S. E. 80).

May the benefit be apportioned? As has been noted, the consideration, $3.46, is single for the entire benefit, consisting of waiver of premium and promise to pay the life income. The premium, $3.46, is for the entire year for both. There is no basis in the contract for apportioning the consideration. The general rule is that, if the consideration is single, and not apportionable, the contract is single or entire, and not apportionable. We discover no good ground for imputing an intent that the benefit should be apportioned, and no reason to think that such was the intention, or is a fair interpretation of the policy. *Pacific Timber Co. v. Windmill & Pump Co.,* 135 Iowa 308; *Murphy v. Williamson,* 180 Iowa 291; *Galt v. Provan,* 131 Iowa 277; *Sturtevant Co. v. Le Mars Gas Co.,* 188 Iowa 584; 6 Ruling Case Law 858; 13 Corpus Juris 561; 2 Idem 757.—*Reversed.*

STEVENS, C. J., and FAVILLE, DE GRAFF, ALBERT, and WAGNER, JJ., concur.