## White, Administratrix, v. New York Life Insurance Company

*Harold L. Rothman* and *H. Lee Ratner*, for plaintiff.
*William H. Eckert* and *Smith, Buchanan, Scott & Gordon*, for defendant.

SOFFEL, J., December 28, 1932.—This case is before the court on defendant's motion for judgment on the pleadings. The action is assumpsit. The plaintiff, who is the administratrix of the insured, here seeks to recover of the defendant, the New York Life Insurance Company, the sum of $860.36 with interest. The action is based on three policies of insurance, two of which were issued on March

19, 1919, and the other on June 5, 1919. The policies protect the insured against total and permanent disability. The insured became totally disabled and was paid three annual income payments on the anniversary dates of the respective policies. The last disability payments were made on March 19, 1931, and June 5, 1931, respectively. On November 10, 1931, the insured, Annie Karp, died. The plaintiff here claims a proportionate part of another year's disability payments for the period from March 19, 1931, to November 10, 1931, on two of the policies, and from June 5, 1931, to November 10, 1931, on the other policy. The facts are admitted. The question for consideration is one of law, namely, whether in the case of the death of the insured before the anniversary on which a benefit would otherwise be payable to her, her estate is entitled to an apportionment of it. The determination of this question depends upon the construction to be given the following provisions—identical in all the policies:

"And the company agrees to pay to the insured one tenth of the face of this policy per annum, during the lifetime of the insured, if the insured becomes wholly and permanently disabled before age 60, subject to all the terms and conditions contained in section 1 hereof."

Attached to the policy is "section 1—Total and permanent disability benefits", of which subsection "2" reads as follows:

"2. Life income to insured.—One year after the anniversary of the policy next succeeding the receipt of such proof, the company will pay the insured a sum equal to one tenth of the face of the policy and a like sum on each anniversary thereafter during the lifetime and continued disability of the insured."

The defendant contends under the provisions cited that no apportionment of any year's disability payments was contemplated or intended and that the unmistakable meaning of these provisions is that disability benefits will be paid only on each anniversary date of the policy, provided the insured be then still alive. The plaintiff, on the contrary, contends that the provision of the policy so considered must be construed in such a way as to entitle the plaintiff to recover a proportionate share of the year's disability payment.

The general principle of law that the language of an insurance policy must be construed most strongly against the insurer and most liberally in favor of the insured is too well recognized to need citation. 1 Couch, Cyclopedia of Insurance Law, sec. 188 (a), states:

"Various reasons have been assigned for the rule of construction against the insurer and in favor of the insured. Perhaps the most generally assigned reason for the rule is, in effect, that to hold otherwise, without an absolute necessity therefor, would tend to subvert the very object and purposes of insurance, which is that of indemnity to the insured in case of loss, or the payment of money on the happening of a contingency, which indemnity should be effectuated, rather than defeated, to which end the law makes every rational intendment, so as to give the fullest protection possible to the interests of the insured." In Thompson v. Citizens Casualty Company, 94 Pa. Superior Court 303, Mr. Justice Porter enunciates the same principle.

Equally significant is the principle that if the language of the policy is clear, untechnical and unambiguous, the settled rule that a policy of insurance is to be so construed as to make certain that the beneficiary is not deprived of the indemnity provided for has no application: Hesse v. Traveler's Ins. Co., 299 Pa. 125. This essential rule in the construction of insurance, as well as other contracts, compels the court in the present case to sustain defendant's motion. The attention of the court has been directed to but one case: Peek Est. et al. v. New York Life Insurance Co., 206 Iowa 1237, 219 N. W. 487 (1928), in which the same disability provision was before the Supreme Court of Iowa for

construction. The court held that there could be no recovery. The question for consideration was identical with the one in the instant case, and as stated by the court at page 1239:

"The ultimate question is whether, in case of the death of the insured before the anniversary on which a benefit would be otherwise payable, her estate is entitled either to the one tenth of the policy or to an apportionment of it."

The court in making its decision states:

"The life income to the insured of a sum equal to one tenth of the policy is to be paid 'on each anniversary thereafter during the lifetime and continued disability of the insured.' The payments are annual. They date from the policy's anniversary next succeeding the disability,—not from the beginning of the total disability. They are payable on an anniversary. There is no provision for payment of an unmatured installment, and none for prorating an installment in the event of death or cessation of disability. The company agrees to 'pay the insured.' There is no provision for paying the disability benefit to the estate, though, of course, if the payment becomes a matured obligation in the lifetime of the insured, the administrator would have the right to collect it."

"The payment is to be made on each anniversary 'during the lifetime' and 'during the continued disability' of the insured. The ordinary meaning of the language is plain: an anniversary 'during the lifetime and continued disability of the insured.' Death ends 'the lifetime.' It ends the 'continued disability.' Subsequent anniversaries are not 'during the lifetime,' and not during the 'continued disability.' The payment provided for is, like the premium, an entire one: 'a sum equal to the one tenth of the face of the policy and a like sum on each anniversary. . . .'

"We are of the opinion that the disability clause cannot be construed to require the company to pay one tenth of the policy on an anniversary which happens, not 'during the lifetime', or not during the 'continued disability' of the insured, but happens after insured is dead, and after the disability is ended. Aetna Life Ins. Co. v. Barber, 36 Ga. App. 721 (138 S. E. 80).

"May the benefit be apportioned? As has been noted, the consideration, $3.46, is single for the entire benefit, consisting of waiver of premium and promise to pay the life income. The premium, $3.46, is for the entire year for both. There is no basis in the contract for apportioning the consideration. The general rule is that, if the consideration is single, and not apportionable, the contract is single or entire, and not apportionable. We discover no good ground for imputing an intent that the benefit should be apportioned, and no reason to think that such was the intention, or is a fair interpretation of the policy. Pacific Timber Co. v. Windmill & Pump Co., 135 Iowa 308; Murphy v. Williamson, 180 Iowa 291; Galt v. Provan, 131 Iowa 277; Sturtevant Co. v. LeMars Gas Co., 188 Iowa 584; 6 Ruling Case Law 858; 13 Corpus Juris 561; 2 Idem 757."

With this reasoning this court is in accord. The language is plain and clear and the provision in the policies here considered must be interpreted to mean that disability benefits are to be paid only on the anniversary date of the policy, provided the insured be then alive. That no apportionment of any year's income payment was contemplated is evident from the language used.

### Order

And now, to wit, December 28, 1932, it is ordered, adjudged and decreed that defendant's motion for judgment on the pleadings be sustained and judgment is herewith entered in favor of the defendant.

From William J. Aiken, Pittsburgh, Pa.