JOSEPH P. LOMASNEY *vs.* WILLIAM M. PRENDIBLE,
executor, & others.

Suffolk.   February 3, 1937. — February 1, 1938.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Probate Court*, Jurisdiction. *Devise and Legacy*, Annuity, Compromise
agreement. *Will*, Compromise.

A probate court had jurisdiction in equity of a petition to require the
executor of a will to pay an annuity in an amount as increased by an
agreement of compromise, allowed with the will over two years after
the death of the testator, for the period from the death of the testator
to the date of allowance of the will and the agreement of compromise.
Upon the allowance over two years after the death of a testator of a
will and of an agreement of compromise which merely increased the
amount of an annuity payable from income and from principal also
if necessary, the annuitant became entitled to be paid the increased
amount for the period from the death of the testator and not only
from the date of the allowance of the will and compromise agreement.

PETITION, filed in the Probate Court for the county of
Suffolk on May 20, 1936.

A decree was entered after a hearing by *Prest*, J.   Two of
the respondents appealed.

*W. C. Rosen*, for the appellants.

*A. S. Allen*, for the petitioner.

RUGG, C.J.   This is an appeal from a decree entered in
a probate court upon a petition in equity brought to com-
pel the payment of an annuity alleged to be due under a
will and a compromise agreement.   Martin M. Lomasney
died testate on August 12, 1933.   His will and an agree-
ment to compromise a contest of that will were allowed by
the appropriate probate court on January 22, 1936.   The
respondent Prendible, hereafter called the respondent, was
appointed executor of the will and has duly qualified as
such.   By his will the testator left the residue of his estate
to the respondent in trust to continue during the life of the
petitioner with gifts over at his death of the principal then

remaining. The will contained these provisions as to the payment of income and principal from the trust fund to the petitioner: "and to pay to my brother Joseph P. Lomasney, from the income thereof Three thousand dollars each year during his life. I desire that said yearly sum be paid in monthly instalments if my trustee can so arrange it. Should the income, in any year, be insufficient to pay to my said brother the sum of Three thousand dollars together with the expense of administering the trust, then I authorize my trustee to draw from the principal of said trust an amount sufficient to make up the deficit." The agreement of compromise provided in part touching that annuity as follows: "5. The bequest on page 2 of said will in trust to pay to said Joseph P. Lomasney from the income thereof Three thousand dollars ($3000) each year of his life is changed to increase the amount so payable to Five thousand dollars ($5000) each year of his life, but said bequest is not otherwise changed."

The respondent has paid to the petitioner as income under the trust for the period from the allowance of the will and of the compromise agreement on January 22, 1936, to April 22, 1936, at the rate of $5,000 per year, but has refused to pay him any income on account of the trust covering the period from August 12, 1933, the date of the death of the testator, to January 22, 1936, on the ground that the petitioner is not entitled to any income or principal from the trust for any period prior to January 22, 1936. The contention of the petitioner is that he is entitled to income, or income and principal, at the rate of $5,000 per year from August 12, 1933, to January 22, 1936. The total amount claimed is $12,222.22, less any taxes due thereon. The respondent has paid all of the legacies bequeathed by said will as modified by said compromise agreement, in accordance with the terms thereof, except the residuary estate, and has also paid all debts of said estate, and now has in his hands sufficient funds with which to pay all other charges against said estate which have accrued or may accrue, and to pay the petitioner the sum which he claims to be due him, for the said period

from August 12, 1933, to January 22, 1936. The prayer of the petitioner is that the respondent be ordered to pay to the petitioner the sum of $12,222.22, less any taxes due thereon.

Certain parties in interest filed a demurrer and others filed answers to the petition. There is no controversy as to the facts herein recited. The demurrer was overruled. A decree was entered in accordance with the contentions of the petitioner. The appeal of certain beneficiaries of the trust brings the case here.

The Probate Court had jurisdiction of the matters alleged in the petition. It may be treated as a petition to recover a legacy under G. L. (Ter. Ed.) c. 197, § 19, or as falling within the broader equity jurisdiction conferred by G. L. (Ter. Ed.) c. 215, § 6.

The petitioner was given under the will an annuity as distinguished from a gift of the income of a trust fund. That annuity was payable out of the principal of the trust as well as out of income. *Smith* v. *Fellows*, 131 Mass. 20. See *Cummings* v. *Cummings*, 146 Mass. 501; *Tirrell* v. *Commissioner of Corporations & Taxation*, 287 Mass. 464, 470, 471. The nature of the bequest was not changed by the compromise agreement; its amount was merely increased. The change was wrought by contract between the parties and approval by the court. *Brandeis* v. *Atkins*, 204 Mass. 471, 474. *Baxter* v. *Treasurer & Receiver General*, 209 Mass. 459. *Ellis* v. *Hunt*, 228 Mass. 39, 43. The annuity began at the time of the death of the testator, there being nothing in the will or in the agreement of compromise to indicate a contrary intent. *Welch* v. *Hill*, 218 Mass. 327, 329. *Towle* v. *Swasey*, 106 Mass. 100, 108. *Minot* v. *Amory*, 2 Cush. 377, 380. *Old Colony Trust Co.* v. *Smith*, 266 Mass. 500, 501. *Parkhurst* v. *Ginn*, 228 Mass. 159, 171, 172. To the same effect is G. L. (Ter. Ed.) c. 197, § 26. *Ayer* v. *Ayer*, 128 Mass. 575, 577. *Wellman* v. *Boston Safe Deposit & Trust Co.* 295 Mass. 281, 283. The agreement of compromise manifests a purpose to make no change in the disposition of property under the will except to modify the amount to be paid. There is no

change in the time of payment. Specific performance of such an agreement may be enforced in equity. The agreement took effect as of the date of the death of the testator. The agreement and the will together disclose a clear intent to that effect.

*Decree affirmed.*