This is an action to recover an alleged balance due on the face amount of a life insurance policy and an alleged balance due under the disability provisions of said policy, heard upon an agreed statement of facts.
On or about 20 August, 1918, The Germania Life Insurance Company of the City of New York issued and delivered to J. S. Wells a policy of life insurance in the sum of $2,500 which provided for the payment of an annual premium of $125.13 of which $4.62 was allocated to the disability benefit coverage and protection contained in said policy, in which policy the daughter of the insured, Mary Ann Wells, was named as beneficiary. On 2 October, 1935, the beneficiary named in said policy was changed to Myrtle Warren Wells, wife of the insured (being the identical person as Mrs. J. S. Wells, plaintiff herein). Subsequent to the issuance of said policy all liability thereunder was duly and properly assumed by the defendant, The Guardian Life Insurance Company of New York.
Among other provisions the said policy of insurance contained the following: "24. Total and Permanent Disability Benefits. Whenever the company shall receive due proof during the continuance of this policy and before default in payment of premium that the insured has become wholly and incurably disabled by bodily injury or disease, not due to any cause or condition existing at the time of delivery hereof or to military or naval service in time of war, so that he is and will be presumably thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit, and that such disability has existed continuously for not less than sixty days prior to furnishing such proof — the permanent loss of the sight of both eyes, the loss of both feet above the ankles, the loss of both hands above the *Page 180 
wrists, or a similar loss of one hand and one foot, to be regarded as constituting total and permanent disability without prejudice to other causes of disability — then the company will grant disability benefits as follows:
"(A) If the disability occurred before the insured attained age 60: 1. Waiver of Premiums. Commencing with the policy year next following the receipt of such proof the company will at the beginning of each policy year waive payment of premium for such year during such disability, and the provisions and benefits of the policy shall be continued in force, except as hereinafter provided, as if such premiums were being paid in cash. 2. Disability Annuity. Six months after the receipt of such proof, if the disability then exists, the company will begin to pay to the insured (with the written consent of the assignee, if any) a disability annuity of one-tenth of the face amount of this policy and will make such annuity payments annually on the anniversary of the first payment during such disability prior to maturity of the policy. Premiums waived and annuity payments made hereunder will not be an indebtedness on the policy and will not be deducted from any payment or payments to be made when the policy becomes a claim by death or matures as an endowment or in any settlement under the policy. . . ."
On 1 April, 1929, the insured became totally and permanently disabled as contemplated by the policy provisions and filed with the defendant due and proper proofs of such disability, and the defendant duly acknowledged the said disability of the insured, admitted the disability claim, waived the annual premium due on 29 August, 1929, waived all subsequent premiums due between the said date and the date of the death of the insured on 30 October, 1936, and made the annual disability payments of $250.00 each provided in said policy of insurance on 1 December, 1929, and on the first day of each and every December thereafter down to and including 1 December, 1935.
The insured, Julius S. Wells, died on 30 October, 1936, and at the time of his said death there was outstanding against said policy a policy loan in the sum of $1,091.10, which was subject to an unearned loan interest credit at the rate of 5 per cent for nine months and twenty-four days, said credit amounting to $44.45 and leaving $1,453.45 as the net balance due upon the face amount of said policy at the time of the death of said insured. The said policy of insurance was in full force and effect at the date of the death of the said insured.
Subsequent to the death of the insured due demand was made upon the defendant by the beneficiary, Mrs. J. S. Wells (named as Myrtle Warren Wells in the change of beneficiary endorsement on said policy of insurance) for payment of the net death proceeds under said policy, and demand was likewise made upon the defendant by the said Mrs. *Page 181 
J. S. Wells, executrix of the estate of J. S. Wells, for proportionate disability payment, alleged to have accrued and to have become due to the estate of the said J. S. Wells on account of the existing disability of J. S. Wells during the period from 1 December, 1935, until 30 October, 1936. The defendant insurance company admitted liability unto the said Mrs. J. S. Wells, beneficiary, for the net amount of $1,453.45 due as net death benefits under the said policy, but denied the claim for alleged proportionate disability benefits, and asserted that under the terms of said policy and by general provisions of law said alleged proportionate disability benefits were not owing, valid, payable, or collectible. The defendant insurance company offered to pay in full settlement of all liability under said policy the said net death benefits, which offer was declined by the plaintiff. Thereupon this suit was instituted for the recovery of the balance due on the face amount of the policy, less loan secured thereon, and for the proportionate part of the annuity from 1 December, 1935, to 30 October, 1936. At the time of the filing of its answer the defendant tendered into the registry of the court the amount ($1,453.45) alleged to be due by the defendant unto the plaintiff in her individual capacity under the terms of said policy.
The plaintiff contends "That plaintiff, in her capacity as executrix of the estate of J. S. Wells, is likewise entitled to recover the proportionate part of the annual disability payment alleged to be allocable to the period from 1 December, 1935, to 30 October, 1936, the amount of said payment claimed by the plaintiff in her said capacity being that fractional part of $250.00 which is equal to that fractional part of the year from 1 December, 1935, to 1 December, 1936, which is represented by the period from 1 December, 1935, to 30 October, 1936."
The defendant contends: "That the disability payments provided by said policy of insurance are not apportionable, and that since the insured, Julius S. Wells, died prior to 1 December, 1936, the next annual payment date of disability benefits, no further disability benefit payments are due or payable to any one whomsoever in connection with the said policy of insurance."
His Honor was of the opinion that the plaintiff, individually, was entitled to recover the alleged balance due on the face of the policy, and that the plaintiff, as executrix, was entitled to recover the alleged balance due under the disability provisions of the policy, and awarded judgment accordingly.
With the first provision of the judgment that the plaintiff, individually, recover the alleged balance due on the face of the policy (about which there was no controversy) we concur, but with the second provision of the judgment that the plaintiff, as executrix, recover the alleged balance due under the disability provisions of the policy we cannot concur. *Page 182 
The terms of the policy under the facts of this case created "a disability annuity of one-tenth of the face amount of the policy," payable to the insured by the insurer, and provided for the making of "such annuity payments annually on the anniversary of the first payment during such disability prior to the maturity of the policy." The first annuity payment was made on 1 December, 1929, and the last annuity payment was made on 1 December 1935. The next annuity payment would have been due on 1 December, 1936, had the insured lived to that date, but on 30 October, 1936, the insured died, thereby terminating his disability and maturing the policy, hence there was no "anniversary of the first payment during such disability prior to the maturity of the policy" after 1 December, 1935.
But plaintiff's contention is that she, as executrix of the estate of J. S. Wells, is entitled to the proportionate part of the annuity from 1 December, 1935, to 30 October, 1936. This contention is contrary to the rule of the common law, which rule is stated as follows: "The general rule both of law and equity is that where an annuity, whether created intervivos or by will, is payable on fixed days during the life of the annuitant, who dies before the day, the personal representative is not entitled to a proportional part of the annuity. This principle of the non-apportionability of an annuity, properly and technically so called, rests upon the doctrine of the entirety, of contracts, and proceeds upon the interpretation of the contract by which the grantor binds himself to pay a certain sum on fixed days during the life of the annuitant, and when the latter dies, such day not having arrived, the former is discharged from his obligation. It results in the general rule that if the annuitant dies before or even on the day of payment, his representatives can claim no portion of the annuity for the current year." 2 American Jurisprudence, Annuities, par. 27, p. 830. To the same effect is 3 C. J. S., Annuities, par. 6, p. 1383. At common law there were two, and only two, well recognized exceptions engrafted on the general rule that annuities were not apportionable, namely, where the annuity was given by a parent to an infant child and by a husband to a wife living separate and apart from him. However, the harshness of the rule has been modified in many jurisdictions by statute, and in some by judicial decisions.
The common law, "which has not been otherwise provided for in whole or in part, not abrogated, repealed, or become obsolete," is "declared to be in full force within this State." C. S., 970. It is not for us by judicial decisions to change or alter the common law. If this is to be done it must be by legislative enactment. It is the function of the courts to interpret the law and that of the Legislature, within constitutional limits, to make or alter the law. *Page 183 
The plaintiff contends that the common law has been altered by the enactment of C. S., 2346, which reads: "In all cases where rents, rent charges, annuities, pensions, dividends, or any other payments of any description, are made payable at fixed periods to successive owners under any instrument, or by any will, and where the right of any owner to receive payment is terminable by a death or other uncertain event, and where such right so terminates during a period in which a payment is growing due, the payment becoming due next after such terminating event shall be apportioned among the successive owners according to the parts of such periods elapsing before and after the terminating event." This statute has no application to the facts of this case, since in the instrument creating the annuity there is no provision that the annuity shall be payable at fixed periods to successive owners. The contract is to make such annuity payments to the insured annually prior to the maturity of the policy. There is no provision for successive owners. The death of the insured matured the policy and no further annuity payments became due.
Since the common law is in force in this State, and since under the common law annuities are not apportionable, with certain exceptions not affecting this case, and since the common law has not been changed or altered by legislative enactment, we are constrained to hold that his Honor erred in awarding judgment to the effect that the plaintiff, as executrix, recover of the defendant $229.15, with interest thereon, as the proportionate part of the annuity accruing from 1 December, 1935, to 30 October, 1936.
The portion of the judgment adjudging that the plaintiff, individually, recover of the defendant $1,453.45, with interest, due on the face amount of the policy is affirmed, except that the provision for the recovery of interest is eliminated.
The case is remanded for judgment in accord with this opinion.
Modified and affirmed.