SAMPSON *v.* NEW YORK LIFE INS. CO.

*(Nashville,* December Term, 1938.)

Opinion filed June 10, 1939.*

*Designated for publication Aug. 8, 1939.

LON P. McFARLAND and S. B. GILREATH, both of Lebanon, for appellant.

SEAY, STOCKELL, EDWARDS & BARKSDALE, of Nashville, for appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This bill was filed by the administrator of Ben T. Young to recover the sum of $250 said to have been due from defendant Insurance Company to deceased at the time of his death, under the disability provisions of a life insurance policy. The chancellor dismissed the bill on demurrer and the administrator appealed.

Young had a policy of insurance on his life which he had carried with defendant company for a number of years. Prior to his death he became totally and permanently disabled. Under the terms of the policy the insured, becoming so disabled, was entitled, after due notice and from the next anniversary date of the policy, annually, to one-tenth of the amount for which his life was insured. The life of the deceased was insured for $5,000. Future premiums were also waived.

At the end of the first year following the anniversary of the policy subsequent to notice of the insured's disability, insured was paid the sum of $500. He died at the end of the first six months of the next year. The defendant company paid to the estate of the insured the full sum of $5,000. Defendant company also had waived payment of the last two annual premiums according to its undertaking in the policy.

■ The administrator's contention is that he is entitled to recover for the estate of the insured one-half of the sum of $500, which sum insured would have received had he lived for the whole of the second year after notice of disability instead of only six months of that year. In other words, the question is as to whether the disability benefit provided by this policy of insurance is apportionable. A consideration of the language of certain paragraphs of the policy is necessary in order to determine this question. These provisions are as follows:

"Section 1—Total and Permanent Disability Benefits

"Whenever the Company receives due proof, before default in the payment of premium, that the insured, before the anniversary of the policy on which the Insured's age at nearest birthday is 60 years and subsequent to the delivery hereof, has become wholly disabled by bodily injury or disease so that he is and will be presumably, thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit, and that such disability has then existed for not less than sixty days—the permanent loss of the sight of both eyes, or the severance of both hands or of both feet or of one entire hand and one entire foot, to be considered a total and permanent disability without prejudice to other causes of disability—then

"1—Waiver of Premium.—Commencing with the anniversary of the policy next succeeding the receipt of such proof, the company will on each anniversary waive payment of the premium for the ensuing insurance year, and, in any settlement of the policy, the Company will not deduct the premiums so waived. The loan and surrender values provided for under Sections 3 and 4 shall be calculated on the basis employed in said sections, the

same as if waived premiums had been paid as they became due.

"2—Life Income to Insured—One year after the anniversary of the policy next succeeding the receipt of such proof the company will pay the Insured a sum equal to one-tenth of the face of the policy and a like sum on each anniversary thereafter during the lifetime and continued disability of the Insured. Such income payments shall not reduce the sum payable in any settlement of the policy. The policy must be returned to the company for indorsement thereon of each income payment. If there be any indebtedness on the policy, the interest thereon may be deducted from each income payment.

"3—Recovery from Disability.—The company may at time and from time to time but not oftener than once a year, demand due proof of such continued disability and upon failure to furnish such proof or if it appears that the Insured is no longer wholly disabled as aforesaid, no further premiums shall be waived nor income payment made.

"The ——— annual premium for the total and permanent Benefits is $4.95, and is included in the premium stated on the first page of this policy. Any premium due on or before the anniversary of the policy on which the age of the insured at nearest birthday is 60, shall be reduced by the amount of premium charged for the Disability Benefits."

It seems to us that a natural construction of the above quoted paragraph No. 2 refutes the claim of the insured's administrator. It is plainly provided in this paragraph that the disability benefit will be paid "one year after the anniversary of the policy next succeeding the receipt" of proof of disability and that the defendant company will pay a like sum "on each anniversary there-

after during the lifetime and continued disability of the insured.'' The obligation here assumed appears to be entire, a definite sum for a definite period of disability, not capable of apportionment.

■ By the very language used payments are to be made only during the *lifetime and continued disability* of the insured. The insured himself, regardless of his needs, could have demanded no part of this benefit at a time earlier than the next anniversary of the policy. We do not see how the administrator of the insured could have any right to demand a proportionate payment or an accelerated payment. In fact, the terms of the policy preclude the idea that insured's administrator can obtain any benefit whatever from this disability provision. The benefit is only payable during the lifetime of the insured and during his disability. The administrator does not exist until after the lifetime of the insured is ended and after his earthly disabilities are removed.

We find no ambiguity in the contract before us, nothing to prevent us interpreting the words used in their ordinary significance.

Looking at this policy as a whole, we think the disability benefits were not designed for insured's estate. Such benefits were intended for the protection of the insured himself in the event he lost his earning capacity and was unable to make his living and to pay premiums on the policy. Other provisions of the policy carried the principal sum thereof to the estate of the insured upon the latter's death.

The question presented in this case came before the Iowa Court in *Peek Estate* v. *New York Life Insurance Company*, 206 Iowa, 1237, 219 N. W., 487. That court construed similar disability benefit provisions of a life insurance policy just as we have done.

Similar provisions of a life insurance policy were construed by the Maryland Court differently in *Brownstein* v. *New York Life Insurance Company*, 158 Md., 51, 148 A., 273, 274, 276.

The Iowa Court reasoned the matter out along the same general lines that we have undertaken to do. The Maryland Court said that the prime object of the disability provisions, as indicated by the policy, was to provide a life income to the insured and ''when it is considered that this feature of the policy is in lieu of the assured's lost earnings, from day to day, and because of his disability is to provide maintenance, there seems to be no reasonable ground for denying the personal representatives of the assured the right to recover the benefits which had accrued to the day of the death of the assured.'' With all due respect, we are not able to follow this reasoning. No benefits had accrued to assured, nothing that he could collect, on the date of his death. And since the object of the provision was to provide maintenance for the assured, there was no reason for the provision to function after the assured's death.

Affirmed.