No. 35,674

MINNA MOVITZ, *Appellee* and *Cross-appellant,* v. THE NEW YORK LIFE INSURANCE COMPANY, *Appellant.*

(133 P. 2d 89)

Opinion filed January 23, 1943.

*R. Arch Smith,* of Kansas City, Mo., argued the cause, and *Edwin S. McAnany, Thomas M. Van Cleave, Patrick B. McAnany,* all of Kansas City, and *Richard S. Righter,* of Kansas City, Mo., were on the briefs for the appellant.

*Hylton Harman,* of Kansas City, argued the cause, and *Paul H. Ditzen,* of Kansas City, was on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action on a life insurance policy containing disability benefit provisions. The action is by insured's widow to recover certain disability income payments. Judgment was for the plaintiff. Defendant appeals.

There is not much dispute about the facts. The policy was for

$5,000 on the life of the insured. The policy was taken out on July 27, 1920. It was in effect when insured died. July 27 is referred to in the record as the anniversary date of the policy. There is no dispute about that, nor is there any dispute about the death benefits. They have been paid. The policy contained the following provisions on the first page:

"And the company agrees to pay to the insured one-tenth of the face of this policy per annum, during the lifetime of the insured, if the insured becomes wholly and permanently disabled before age 60, subject to all the terms and conditions contained in section 1 hereof.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"This policy takes effect as of the twenty-seventh day of July, nineteen hundred and twenty, which day is the anniversary of the policy. If the insured becomes wholly and permanently disabled before age 60, the payment of premiums will be waived under the terms and conditions contained in section 1."

Section 1 provides as follows:

"Total and Permanent Disability Benefits. Whenever the company receives due proof, before default in the payment of premium, that the insured, before the anniversary of the policy on which the insured's age at nearest birthday is 60 years and subsequent to the delivery hereof, has become wholly disabled by bodily injury or disease so that he is and will be presumably, thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit, and that such disability has then existed for not less than sixty days—the permanent loss of the sight of both eyes, or the severance of both hands or of both feet, or of one entire hand and one entire foot, to be considered a total and permanent disability without prejudice to other causes of disability—then

"1. Waiver of Premium. Commencing with the anniversary of the policy next succeeding the receipt of such proof, the company will on each anniversary waive payment of the premium for the ensuing insurance year, and, in any settlement of the policy, the company will not deduct the premiums so waived. The loan and surrender values provided for under sections 3 and 4 shall be calculated on the basis employed in said sections, the same as if the waived premiums had been paid as they became due.

"2. Life Income to Insured. One year after the anniversary of the policy next succeeding the receipt of such proof, the company will pay the insured a sum equal to one-tenth of the face of the policy and a like sum on each anniversary thereafter during the lifetime and continued disability of the insured. Such income payments shall not reduce the sum payable in any settlement of the policy. The policy must be returned to the company for endorsement thereon of each income payment. If there be any indebtedness on the policy, the interest thereon may be deducted from each income payment.

"3. Recovery from Disability. The company may at any time and from time to time, but not oftener than once a year, demand due proof of such con-

tinued disability, and upon failure to furnish such proof, or if it appears that the insured is no longer wholly disabled as aforesaid, no further premiums shall be waived nor income payments made."

Subparagraph 2 of the above is the provision with which we are here concerned.

This policy remained in force from July 27, 1920, to July 3, 1939, at which date insured died. He had become totally and permanently disabled on December 15, 1936. On July 27, 1938, the company paid insured $500, this being one-tenth of the face of the policy. On July 3, 1939, before another anniversary day of the policy, insured died. The widow of the insured was paid the face of the policy according to its terms. This action arose because she demanded that she be paid a proportionate amount of $500 for the time from December 15, 1936, to July 27, 1937, and from July 27, 1938, to July 3, 1939. She filed an action alleging facts about as they have been detailed here. The trial court gave her judgment for the proportionate amount of $500 from July 27, 1938, to July 3, 1939, and denied it for the period from December 15, 1936, to July 27, 1937. Defendant appealed from this judgment and plaintiff cross-appealed. It should be noted here that insured was paid one $500 installment of the disability insurance on July 27, 1938.

The theory of the plaintiff is that this policy with its disability features was taken out by insured so that if he should become disabled he would have an income to take the place of his earnings. She relies on the rule that where a provision in an insurance policy is ambiguous the courts will give it the construction that is favorable to the insured. This is undoubtedly the rule, but its force depends on whether the clause is ambiguous.

We must decide whether the annual payments provided are proportionable or not. This takes us to a consideration of the provisions of the policy. The first clause of the policy with which we are concerned provides that the company agrees to pay to the insured one-tenth of the face of this policy per annum during the lifetime of the insured if the insured becomes wholly and permanently disabled. Standing alone it would seem that this clause might well be construed as contended for by plaintiff. We cannot, however, decide the case on that alone. We are bound to consider all the provisions of the policy together. The above clause refers us to the terms and conditions of section 1. This takes us to a consideration of that clause. Subparagraph 2 of section 1 provides as to how the

payments shall be made. Thus we see that the first provision of that clause is that the payment of one-tenth of the face of the policy will be paid on the anniversary date of the policy. The clause goes on to provide that this must be the first anniversary of the policy after the anniversary succeeding the proof of disability of the insured. In as clear and unmistakable language as could be used the clause provides that there should be first the proof of the disability, then the anniversary date of the policy, then at the next anniversary date of the policy the payment would be due. Strength is given this construction of the provision that the payment was to be to the insured during his lifetime and by the provision that the succeeding payments are to be made on a certain date, that is, the anniversary date of the policy. As to the point raised by plaintiff on her cross-appeal that she should have had judgment for the disability of insured from the time his disability was proven until the next anniversary date of the policy, there is no language whatever in these clauses to sustain such a contention.

It might be that one taking out a policy would read the first provision of the policy and conclude that disability payments would start at the date of proof of disability and continue until the death of the insured. He would have no right to depend on this clause alone, however, since its concluding provision is that it shall be subject to all the terms and conditions of section 1. Where all the language of pertinent provisions of a life insurance policy construed together are clear and unmistakable courts are not free to make another and different contract for the parties. (See *Fire Association v. Taylor*, 76 Kan. 392, 91 Pac. 1070; *Utilities Co. v. Bowersock*, 109 Kan. 718, 202 Pac. 92.)

In *Sampson v. N. Y. Life Ins. Co.*, 175 Tenn. 59, 131 S. W. 152, the facts were substantially as we have them here. On this question the court said:

"By the very language used payments are to be made only during the lifetime and continued disability of the insured. The insured himself, regardless of his needs, could have demanded no part of this benefit at a time earlier than the next anniversary of the policy. We do not see how the administrator of the insured could have any right to demand a proportionate payment or an accelerated payment. In fact, the terms of the policy preclude the idea that insured's administrator can obtain any benefit whatever from this disability provision. The benefit is only payable during the lifetime of the insured and during his disability. The administrator does not exist until after the lifetime of the insured is ended and after his earthly disabilities are removed.

"We find no ambiguity in the contract before us, nothing to prevent us interpreting the words used in their ordinary significance.

"Looking at this policy as a whole, we think the disability benefits were not designed for insured's estate. Such benefits were intended for the protection of the insured himself in the event he lost his earning capacity and was unable to make his living and to pay premiums on the policy. Other provisions of the policy carried the principal sum thereof to the estate of the insured upon the latter's death.

"The question presented in this case came before the Iowa court in *Peek Estate v. New York Life Insurance Company*, 206 Ia. 1237, 219 N. W. 487. That court construed similar disability benefit provisions of a life insurance policy just as we have done." (p. 63.)

See, also, *New York Life Insurance Company v. Finkelstein*, 212 Ind. 155, and *Wells v. Insurance Co.*, 213 N. C. 178, 195 S. E. 394. Some authorities from other jurisdictions are cited and relied on by plaintiff where it was held that under like provisions these disability payments were payable to the day of the death of the insured. We have examined them all, however, and have reached the conclusion that we prefer the reasoning of those cited herein.

The judgment of the trial court giving plaintiff judgment for the proportionate amount of $500 from July 27, 1938, to July 3, 1939, is reversed; that part of the judgment which denied recovery for the period from December 15, 1936, to July 27, 1937, is affirmed. This disposition of the case makes it unnecessary for us to consider the question of attorney fees for counsel for plaintiff.

HARVEY, J., not sitting.

PARKER, J., not participating.