LEAH SILVERMAN, administratrix, *vs.* NEW YORK LIFE INSURANCE COMPANY.

Suffolk.    February 10, 1944. — September 15, 1944.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, WILKINS, & SPALDING, JJ.

*Insurance,* Disability insurance.    *Contract,* Annuity contract.

Upon the death, while disabled, of the insured under a policy of disability insurance, neither the terms of a clause entitled "Life Income to insured" and providing for payment of a specified amount to him "on each anniversary" of the policy "during . . . [his] lifetime and continued disability," nor G. L. (Ter. Ed.) c. 197, § 27, entitled the

administrator of his estate to recover from the insurance company a part of such annual amount proportionate to the period between the last anniversary of the policy before his death and the date of his death.

CONTRACT. Writ in the Municipal Court of the City of Boston dated July 14, 1942.

The case was heard by *Adlow*, J.

In this court the case was argued at the bar in February, 1944, before *Field*, C.J., *Donahue, Lummus,* & *Ronan*, JJ., and after the retirement of *Donahue*, J., was submitted on briefs to *Qua, Wilkins,* & *Spalding*, JJ.

*B. Aldrich*, for the defendant.

*E. I. Perkins*, for the plaintiff, submitted a brief.

LUMMUS, J. On May 26, 1920, the defendant issued a policy of insurance in the sum of $5,000 to Casper Silverman upon his life. The policy provides that upon due proof before default in payment of premium that the insured, before the anniversary of the policy nearest his attainment of the age of sixty years, has become wholly and permanently disabled, the defendant during the continuance of the disability will waive future premiums, and "one year after the anniversary of the policy next succeeding the receipt of such proof," will "pay the insured a sum equal to one-tenth of the face of the policy and a like sum on each anniversary thereafter during the lifetime and continued disability of the insured."

In 1931, at the age of fifty-seven years, the insured became wholly and permanently disabled, and furnished the defendant with due proof thereof. The defendant waived the premiums due on May 26, 1931, and on each anniversary of that day through May 26, 1941. It made annual payments of one tenth of the face of the policy on every May 26 through May 26, 1941. The disability never ended, and the insured died on January 1, 1942. The plaintiff is the administratrix of the estate of the insured, and seeks to recover a part of the annual payment proportionate to the period from May 26, 1941 to January 1, 1942. A judge in a Municipal Court allowed her to recover, and the Appellate Division dismissed a report. The defendant appealed.

The general tendency of the law against apportionment

is expressed by Gray, C.J., in *Dexter* v. *Phillips*, 121 Mass. 178, 180, in these words: "It is a general rule of the common law, followed in chancery, that sums of money, payable periodically at fixed times, are not apportionable during the intervening periods." In that case a life tenant of a trust estate was held entitled to all the income receivable after the death of the testator though earned during a period beginning before his death. In *Wiggin* v. *Swett*, 6 Met. 194, it was held that the estate of an annuitant entitled to payment quarterly could get nothing for the quarter during which she died. Scott, Trusts (1939) § 238.1. It has been said that in the absence of statute the estate of an equitable life tenant in trust property who died between distribution days could get none of the income which became receivable after the last distribution day before he died. *Adams* v. *Adams*, 139 Mass. 449, 450. Compare Am. Law Inst. Restatement: Trusts, §§ 235, 238; Scott, Trusts (1939) §§ 235, 238. The two latter situations are now covered by a statute permitting apportionment. St. 1848, c. 310. G. L. (Ter. Ed.) c. 197, § 27. *Woods* v. *Gilson*, 178 Mass. 511, 516. *Adams* v. *Adams*, 139 Mass. 449. *White* v. *Stanfield*, 146 Mass. 424, 436. *Stone* v. *Bradlee*, 183 Mass. 165, 172. *Nutter* v. *Andrews*, 246 Mass. 224. *Ward* v. *Blake*, 247 Mass. 430. *National Shawmut Bank* v. *Morey*, 301 Mass. 37.

The tendency of the law against apportionment is fully as strong where periodical payments are provided by contract. A landlord at common law cannot recover a proportionate or fair part of the rent for a rental period, where the tenancy ended before the rent day. *Rainault* v. *Evarts*, 296 Mass. 590, 597, and cases cited. This has been modified to some extent by statute. St. 1869, c. 368. G. L. (Ter. Ed.) c. 186, §§ 8, 9. *Adams* v. *Bigelow*, 128 Mass. 365. *Withington* v. *Nichols*, 187 Mass. 575. *Gorin* v. *Stroum*, 288 Mass. 6, 12. *Highland Trust Co.* v. *Slotnick*, 289 Mass. 119, 122, 123. *Rainault* v. *Evarts*, 296 Mass. 590, 597. A plaintiff who has agreed to work for a fixed period at a fixed price cannot recover anything if within that period he abandons his work without cause. *Jackson* v. *Boston*

*Safe Deposit & Trust Co.* 310 Mass. 593, 595, and cases cited. *LeBel* v. *McCoy*, 314 Mass. 206, 209. We need not consider instances in which recovery upon a quasi contract has been allowed to prevent injustice.

Upon a proper interpretation of the policy of insurance in this case, the defendant promised nothing except a payment on each anniversary of the issuance of the policy. No promise to pay for any fraction of a year can be found. The fact that the paragraph containing the promise is entitled "Life Income to Insured" does not enlarge the plain meaning of the paragraph. A life income was substantially provided, even though income for each day of life was not. Indeed, the construction for which the plaintiff contends would not provide an income for the period in question that the insured himself could use for his support.

Most cases in other jurisdictions where no statute controls hold as we do that under a policy like the one in this case the insurer is not bound to pay for a fraction of a year where the insured dies between the dates of annual payments. [1]

The plaintiff contends that the right of the insured to annual payments was an "annuity" apportionable under G. L. (Ter. Ed.) c. 197, § 27. If that section is read by itself, the contention is plausible. But it is unsafe to try to construe a statute without tracing its history. General Laws (Ter. Ed.) c. 197, §§ 26, 27, originated in St. 1848, c. 310, entitled "An Act in relation to the Payment of Annuities." Section 1 related to "an annuity, or the use, rent, income, or interest of any property, real or personal, or the income of any fund," given "by any last will and testament, or any instrument in the nature thereof," and gave statutory sanction to the general principle that the enjoyment of

---

[1] *Reynolds* v. *New York Life Ins. Co.* 202 Ark. 1013. *New York Life Ins. Co.* v. *Finkelstein*, 212 Ind. 155. *Peek Estate* v. *New York Life Ins. Co.* 206 Iowa, 1237. *Movitz* v. *New York Life Ins. Co.* 156 Kans. 285. *Levy* v. *New York Life Ins. Co.* 159 Misc. (N. Y.) 431, affirmed 246 App. Div. (N. Y.) 705, leave to appeal denied 270 N. Y. 674. *Wells* v. *Guardian Life Ins. Co.* 213 N. C. 178. *Sampson* v. *New York Life Ins. Co.* 175 Tenn. 59. Contra, *Brownstein* v. *New York Life Ins. Co.* 158 Md. 51; *New York Life Ins. Co.* v. *Sullivan*, 191 Okla. 236; *Newberger* v. *New York Life Ins. Co.* 56 R. I. 442; *Cullum* v. *New York Life Ins. Co.* 197 S. C. 6. See Note 135 Am. L. R. 876.

such a gift, as distinguished from a pecuniary legacy, begins at the death of the testator. *Old Colony Trust Co.* v. *Smith,* 266 Mass. 500. *Wellman* v. *Boston Safe Deposit & Trust Co.* 295 Mass. 281, 283. *Smith* v. *Livermore,* 298 Mass. 223, 244, 245. *Lomasney* v. *Prendible,* 299 Mass. 273, 275. Section 2, providing for apportionment in case of the death between payment days of the person entitled, applies only to "any such annuity, rent, interest, or income" described in § 1. The same statutory situation continued through Pub. Sts. (1882) c. 136, §§ 24, 25. It was perfectly clear that an "annuity," to fall within the statute, must have been created by a will. *Dexter* v. *Phillips,* 121 Mass. 178, 184. *Hammond* v. *Thompson,* 168 Mass. 531, 532.

The commissioners who prepared the Revised Laws of 1902 recommended that the statute be changed to apply to annuities and other rights "given by will, deed or other instrument." Report of Commission for Consolidating & Arranging the Public Statutes (1901), page 1262. That change was made. R. L. c. 141, §§ 24, 25. It remained clear that both sections, so far as they related to an annuity, dealt with property rights rather than contractual rights. Then by G. L. (1921) c. 197, § 26, the description of the annuity in the earlier of the two sections was changed back to one "given by will or by an instrument in the nature thereof" as it had appeared in Pub. Sts. (1882) c. 136, § 24. But G. L. (1921) c. 197, § 27, was left as broad as it had been in R. L. (1902) c. 141, § 25, because it applied to any "annuity" created by any "will or instrument." The difference in the scope of the two sections required that the verbal connection between them be broken by the substitution in G. L. (1921) c. 197, § 27, of the words "an annuity" for the words "such annuity." This change followed a recommendation of the commissioners. Report of Joint Special Committee on Consolidating & Arranging the General Laws (1920), page 1846. But we are of opinion that the statute still does not apply to apportionment, between the contracting parties, of an annuity created by contract.

*Order dismissing report reversed.*
*Judgment for defendant.*