URSULA HOPE PEARSALL & another, executors, *vs.* JOHN
HANCOCK MUTUAL LIFE INSURANCE COMPANY.

Suffolk.   March 4, 1947. — June 3, 1947.

Present: FIELD, C.J., QUA, RONAN, & SPALDING, JJ.

*Insurance,* Disability insurance; Life insurance: place of contract.
*Contract,* Annuity contract. *Conflict of Laws.*

Under a provision of a disability insurance policy for payment to the
insured of a certain amount "annually" during the continuance of
the disability, the annual benefit was not apportionable so as to
entitle the executor of the insured, upon his death while still disabled,
to recover from the insurer the part of the annual benefit propor-
tionate to the period, less than a year, between the last payment before
his death and the date of his death.

A life insurance contract was made in Massachusetts and Massachusetts
laws governed the nature and extent of the obligations thereby created,
where it appeared that the application for the policy was made at the
insurer's office in Rhode Island and provided that, subject to certain
conditions as to payment of premium and continued insurability,
which were fulfilled, "the insurance shall take effect . . . as of the
date of" approval of the application at the home office of the insurer
in Massachusetts; that the application was so approved; and that the
policy was thereupon issued and sent to the insurer's agent in Rhode
Island.

CONTRACT.   Writ in the Superior Court dated March 28,
1944.

The action was heard without a jury by *Dowd,* J., who
found for the defendant.   The plaintiffs alleged exceptions.

*F. H. Stevens,* for the plaintiffs, submitted a brief.

*W. A. Ryan,* for the defendant.

SPALDING, J.   On March 16, 1920, the defendant issued
two insurance policies to Harry E. Pearsall on his life.   Each
policy contains a "total and permanent disability benefit
provision" which provides that if the insured becomes
"wholly and permanently disabled . . . and has been so
disabled for not less than sixty days, then, if there is no
premium in default, upon receipt of due proof of such dis-
ability," occurring before the insured reaches the age of

sixty, the defendant "will waive the payment of further premiums, after the then current policy year, during the continuance of the disability, and, at the end of six months from the date on which the disability is proved, will pay to the insured, subject to the conditions and limitations of this provision . . . an amount equal to one tenth of the face amount of the policy, and a like amount annually thereafter during the continuance of the disability, until the maturity of the policy."

The facts are not in dispute. In 1937 the insured, being under sixty years of age, became wholly and permanently disabled and entitled to disability benefits under the policies on December 5, 1937. Due to delay in the appointment of a guardian for the insured, payments were not made by the defendant until June 6, 1938. Thereafter the benefits were paid annually on December 5 down to and including the year 1942. The disability continued until the death of the insured on November 18, 1943, at which time the "disability benefit provisions were in full force and effect."

The plaintiffs, as executors under the will of the insured, bring this action of contract to recover part of the annual payments proportionate to the period from December 5, 1942 (the date of the last payment), to November 18, 1943 (the date of death). The case was tried to a judge who found for the defendant. The case is here on the plaintiffs' exceptions to the judge's refusal to grant several of their requests which asked him to rule that they were entitled to a proportionate share of the benefits accruing between the last payment and the date of the insured's death.

The judge rightly denied these requests. That disability benefits payable annually under a policy of life insurance are not apportionable is settled by the recent case of *Silverman* v. *New York Life Ins. Co.* 317 Mass. 101. The reasons for so holding were fully discussed there and need not be repeated. That decision is controlling here. We are mindful of the fact that the disability clause in the policies under consideration is not worded precisely the same as that in the *Silverman* case, but the differences are not such as to make the rule there stated inapplicable here. In the *Silver-*

*man* case, the policy provided that after the first payment the insurer would pay to the insured *"a like sum on each anniversary thereafter* during the lifetime and continued disability of the insured" (emphasis supplied). In the policies here the defendant agreed that after the first payment to the insured it would pay him *"a like amount annually thereafter* during the continuance of the disability" (emphasis supplied). There can be no doubt, we think, that this provision contemplated that the disability benefits were to be paid only at yearly intervals following the date of the first payment. To all intents and purposes it is the same as the provision construed in the *Silverman* case. See *Mower* v. *Sanford*, 76 Conn. 504; *Kearney* v. *Cruikshank*, 117 N. Y. 95, 99–101. In the case last cited it was said at page 99, "The ordinary and natural meaning of a direction by one person to pay to another a specified sum 'annually,' or 'each year,' is that the specified sum is to be paid in an annual or yearly payment. The word or phrase, naturally interpreted, would be regarded as fixing both the measure and time of payment."

But the plaintiffs argue that the contracts here were made in Rhode Island and that the rights of the parties must be governed by the law of that State (see *Newberger* v. *New York Life Ins. Co.* 56 R. I. 442) which apparently permits apportionment in circumstances such as those here. This contention cannot prevail. In the application for insurance the insured agreed "that if payment of the premium above stated has been made with this application, and if the application is approved at the home office of the company while the applicant is in the same condition of insurability shown in part B of the application, the insurance shall take effect . . . as of the date of such approval." The policies under consideration were "taken out by the insured through the defendant's agent, Maurice H. Stearns, at the defendant's offices" in Providence, Rhode Island, where the insured then resided. It was agreed "that the application for the policies in question was forwarded from Rhode Island to the home office of the defendant at Boston, Massachusetts; that the defendant approved the application at its

home office in Boston . . . on March 16, 1920, issued the policies and mailed them from Boston . . . to agent, Maurice H. Stearns, in Providence . . . ; and that the full first premium was paid by the insured in advance at the time the application was filed."

It is to be noted that under the terms of the application, quoted above, it was to be approved at the home office of the defendant and the insurance was to "take effect . . . as of the date of such approval" provided the payment of the premiums had been made with the application and the applicant's condition of insurability as set forth in the application had not changed. On March 16, 1920, when the application was approved at the home office in Boston, the premiums had been paid and nothing further remained to be done to complete the contracts. The defendant evidently was satisfied that there had been no change in the insured's condition, for, so far as the record discloses, the approval was unconditional. In these circumstances the contracts were made in Massachusetts. *Commonwealth Mutual Fire Ins. Co.* v. *William Knabe & Co. Manuf. Co.* 171 Mass. 265, 270. *Commonwealth Mutual Fire Ins. Co.* v. *Fairbank Canning Co.* 173 Mass. 161, 164. *Stone* v. *Old Colony Street Railway,* 212 Mass. 459, 462–463. *United Commercial Travelers* v. *Meinsen,* 131 Fed. (2d) 176, 178–179 (C. C. A. 8). Beale, Conflict of Laws, § 318.1. Compare *Hyfer* v. *Metropolitan Life Ins. Co.* 318 Mass. 175, 176–177. And the nature and extent of the obligations therein created are to be governed by the law of this State. *Millard* v. *Brayton,* 177 Mass. 533, 537. *Wilde* v. *Wilde,* 209 Mass. 205, 207. *Hyfer* v. *Metropolitan Life Ins. Co.* 318 Mass. 175, 176–177. Restatement: Conflict of Laws, § 332 (f).

*Exceptions overruled.*