Merrimack,
No. 4347.

RICHARD H. KEEFE, *Ex'r*

*v.*

NEW HAMPSHIRE POLICE RETIREMENT BOARD.

Submitted September 7, 1954.

Decided September 30, 1954.

*Keefe & Keefe* for the plaintiff.

*Louis C. Wyman*, Attorney General and *Richard C. Duncan*, Assistant Attorney General, for the defendant.

LAMPRON, J. Any right of the plaintiff to recover must be found in and measured by the provisions of R. L., c. 221. *Cf. Desrosiers* v. *Company*, 98 N. H. 424. This act provides (Laws 1953, c. 112, s. 1) for an assessment "upon the *annual* salaries of all permanent policemen who accept the provisions hereof . . . All assessments . . . shall be payable in equal *monthly* installments on the last business day of each calendar month. It shall be the duty of the treasurer . . . of the . . . city . . . to withhold from the *monthly* salary . . . and to pay the board an amount equal to the *monthly* assessment . . . All permanent policemen who shall accept the provisions hereof . . . agree that the treasurer . . . shall have the power to withhold from their *monthly* salaries . . . . " (Emphasis supplied).

Under section 7a as inserted by Laws 1953, c. 112, s. 2 "Any permanent policeman may provide for himself an additional retirement allowance by making special deposits . . . Upon his retirement . . . his accumulated special deposits shall be returnable to him in cash, or, at his election, part or all . . . may be taken as a *monthly annuity*." (Emphasis supplied).

Section 12 (Laws 1953, c. 112, s. 3) provides that a person entitled to benefits thereunder shall "receive from the retirement fund, for each year during the remainder of his life, a sum equal

to one-half of his average *annual* salary for the five years next preceding his retirement . . . This shall be paid to him *in equal monthly installments on the first business day of each calendar month."* (Emphasis supplied).

It seems clear from the above that assessments for the retirement fund and the benefits to be paid thereunder are based on an annual amount divided into twelve equal monthly installments. The assessments are to be paid on the last business day of each calendar month and the benefits on the first business day thereof (succeeding month).

We cannot discover in this act any intention manifested by the Legislature to require retirement benefits to be paid on any basis other than a monthly basis nor at any other time than the first day of each month. It shows no legislative intent to depart from the usual rule applicable to annuities that they are not apportionable in respect of time and that if an annuitant dies before the day of payment his representative cannot claim any portion of the annuity for the current term. *Silverman* v. *New York Life Ins. Co.,* 317 Mass. 101; *Bartman* v. *Bartman,* 411 Ill. 487. *Cf. Russell* v. *Fabyan,* 28 N. H. 543; *Cashman* v. *Dumaine,* 85 N. H. 467, 468.

*Judgment for the defendant.*

All concurred.